WILLIAM CRAWFORD v. PHILIP COREY ET AL.

*Deed—Presumption of title—Trespass.*

A conveyance by warranty deed, by a stranger to the title, of wild and unoccupied land, of which the grantor has never had possession, raises no presumption of title in the grantee.[1]

Error to Clare. (Hart, J.) Submitted on briefs March 8, 1894. Decided March 20, 1894.

Trespass. Defendants bring error. Reversed. The facts are stated in the opinion.

---

[1] For cases bearing upon the question of the title necessary to be established to enable a plaintiff to recover in an action of trespass for cutting and removing standing timber, see:

1. *Safford v. Basto*, 4 Mich. 406, holding that the owner in fee of uncultivated pine land is constructively in possession, and can maintain trespass against one who, without color of title, enters upon the land, and cuts and removes the timber, without evincing any intent to retain possession of the land any longer than is necessary for that purpose, or to claim it as his own.

2. *Moyer v. Scott*, 30 Mich. 345, 347, holding that, whatever may be the rights of contract purchasers of land when they have fulfilled all the conditions of the contract and become absolutely entitled to a conveyance, there is no foundation for the claim that they are the owners of the land before that time, and, unless they have acquired possessory rights, the holder of the legal title must be the only person who can legally complain in a court of law of injuries to the freehold.

*George J. Cummins* (*C. H. Rose*, of counsel), for appellants.

*John Giberson* and *W. A. Burritt*, for plaintiff.

MONTGOMERY, J.   This is an action of trespass.   At the trial the plaintiff showed that the lands upon which the alleged trespass was committed were wild and unoccupied, and that no one had ever been in the possession of the same, except the defendants, while committing the alleged acts of trespass.   The plaintiff's sole evidence of title was in a warranty deed executed by one Edmund Hall and wife to plaintiff on November 13, 1890.   The court instructed the jury that this evidence of title was *prima facie*.

This ruling was erroneous.   There was evidently a misapplication of the rule in *Gamble v. Horr*, 40 Mich. 561, where it was held that a conveyance by one having peaceable possession of the lands is *prima facie* evidence of title in the grantee.   But a conveyance by one having no possession raises no such presumption.   *Smith v. Lawrence*, 12 Mich. 431; *Farmers' & Mechanics' Bank v. Bronson*, 14 Id. 361; *Newell v. McLarney*, 49 Id. 232.

3. *Ruggles v. Sands*, 40 Mich. 559, holding that trespass will not lie in favor of the owner of a valid tax title against the tenant of the owner of the government title for cutting and removing timber while in the actual and adverse possession of the land.

4. *Pfistner v. Bird*, 43 Mich. 14, holding that the vendees in a contract for the sale of all of the pine trees they may take off from certain lands within a designated time, and which provides for the payment of a certain price per thousand feet for the logs when cut, have neither title to nor actual or constructive possession of the standing timber, and cannot maintain trespass against the grantee of the vendor. who cuts and removes said timber.

5. *Miller v. Wellman*, 75 Mich. 353, holding that, to maintain trespass for cutting and removing standing timber, the plaintiff must have either actual or constructive possession of the land, and that constructive possession cannot exist where there is an actual adverse possession.

6. *Hecock v. Van Dusen*, 80 Mich. 359, holding that where, in trespass for cutting timber, the defense of title is interposed, the plaintiff must either show possession or paramount title in himself.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.