SOLOMON *v.* WIDNER.

TROVER—CONVERSION OF TIMBER—WILD LAND—DEEDS—EVIDENCE
OF TITLE.

> In an action for the conversion of timber cut and taken from
> wild land, a deed conveying the land to plaintiff is insufficient
> to show his title, where he was not in possession of the land,
> and it is not shown that his grantor had the title thereto.

Error to Iosco; Simpson, J. Submitted June 9. 1898.
Decided July 12, 1898.

Trover by Selig Solomon against· John A. Widner for
the conversion of certain timber. From a judgment for
plaintiff, defendant brings error. Reversed.

*Dafoe & Gustin,* for appellant

*M. J. Connine,* for appellee.

MOORE, J. Plaintiff recovered a judgment against
defendant for the conversion of 303 cedar trees. Defendant appeals.

The suit was commenced in justice's court. The declaration was oral "for the conversion of 350 cedar trees
severed from the freehold from the southeast quarter,"
etc. It was the claim of the defendant that he had nothing to do with the cutting of the trees, but that they were
cut by mistake by Mr. Colton, who was in the employ of
Mr. Ayer. The defendant claimed he was also in the employ of Mr. Ayer.

The record shows the land from which the trees were
cut was wild land. Plaintiff obtained a deed of these
lands in 1892. He went upon the lands for the first time
in June, 1893. At that time the timber had been cut.
Some of it was in a stream running through the land, and
some of it had floated down stream. It was marked with

the snowshoe mark. To show his right to the timber, plaintiff introduced his deed in evidence. Objection was made because it was not proof of title, and it was received subject to the objection. No proof was offered showing title in plaintiff's grantor when the deed was made. In the charge of the judge to the jury he told them:

"While plaintiff has not traced his title from the government, yet by the introduction of this deed he has identified and proved the title of himself to the timber, and that he owned it, which he claims was taken, and undertakes to show was taken, from this land, and swore himself, and by this deed shown, he was the owner of such timber."

There are a good many assignments of error, but the one in relation to the effect of the deed we think is conclusive. It is doubtless true, if Mr. Solomon had been in possession of the land, the introduction of the deed, without tracing title further back, would have been sufficient to authorize him to maintain this action against a stranger to the title; but, as we have already shown, he was neither in possession of the timber nor of the land at the time of the alleged conversion. His right to maintain the action was shown only by the deed, which may or may not have been given by one having title. The case is controlled by *Crawford* v. *Corey*, 99 Mich. 415.

We do not deem it necessary to discuss the other assignments of error, because they are either not well taken or are not likely to occur again.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.