EVERETT YOUNG, Respondent, v. JOHN C. SHULENBERG, Appellant.

1. EVIDENCE — PEDIGREE AN EXCEPTION TO RULE EXCLUDING HEARSAY EVIDENCE. Pedigree is the history of family descent, which is transmitted from one generation to another by both oral and written declarations, and unless proved by hearsay evidence it cannot in most instances be proved at all. Hence, declarations of deceased members of a family, made *ante litem motam*, are received to prove family relationship, including marriages, births and deaths, and the facts necessarily resulting from those events. Before they can be received, however, as evidence of pedigree, it must appear that the person making them was a member of the family and that he is dead, incompetent or beyond the jurisdiction of the court.

2. ADMISSIBILITY OF RECITALS IN DEED AS DECLARATIONS UPON QUESTION OF PEDIGREE — PRELIMINARY PROOF — PRESUMPTIONS. In an action of trespass, upon forest lands that had never been so inclosed, cultivated or used as to constitute an adverse possession, against one who makes no claim of right to enter thereon and cut trees therefrom, but puts at issue the entry by himself as well as the title of the plaintiff, in the absence of rebutting evidence, it is sufficiently shown that a grantor in one of the deeds constituting the chain of title, dated in 1817 and acknowledged in 1818, was a member of the family, to render her recital therein that one died intestate and seized of the premises, leaving her and her co-grantors as his widow and heirs at law, admissible in evidence as declarations on the question of pedigree, when the family name of the intestate and grantor is identical, the deed was duly acknowledged before the United States minister in London eighty years prior to the trial, and the last grantee had custody of the deeds showing title in such intestate by conveyances running back to and including the original patent, especially when no adverse claim had ever been made to the land; in such a case it will be presumed that the grantor if living at the time of the trial is beyond the jurisdiction of the court, or owing to the long lapse of time that she is dead.

*Young* v. *Shulenberg*, 35 App. Div. 79, affirmed.

(Argued November 27, 1900; decided January 22, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1898, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clark L. Jordan* for appellant. The trial court erred in holding that the plaintiff had satisfactorily proven his title to great lot No. 67. (*Hyde Park* v. *Canton*, 130 Mass. 505; *Duke of Cumberland* v. *Graves*, 9 Barb. 595; *Greenleaf* v. *B., F. & C. I. R. R. Co.*, 132 N. Y. 408.) The trial court erred in its refusal to charge the jury that they must find that the persons signing the deed from Anne Ellice and others to Edward Ellice were, in fact, the heirs of Alexander Ellice, and that Alexander Ellice was actually dead at that time. (*Hyde Park* v. *Canton*, 130 Mass. 505; *Com.* v. *Hayes*, 145 Mass. 289; *Com.* v. *Briant*, 142 Mass. 463.)

*Andrew J. Nellis* for respondent. That plaintiff had title to the *locus* was a legal presumption properly drawn by the court from the uncontradicted facts. The jury had no right upon those facts to infer that Alexander Ellice was not dead in 1817, and that Anne Ellice and others, grantors in the deeds to Edward Ellice, were not with said Edward Ellice, his widow and heirs at law. (*Fulkerson* v. *Holmes*, 117 U. S. 389; Greenl. on Ev. [14th ed.] § 103; 18 Am. & Eng. Ency. of Law, 258; 1 Whart. on Ev. [3d ed.] §§ 201, 218; Best. Pr. Ev. [Am. ed.] 498; *Letter* v. *Gehr*, 105 Penn. St. 577; *Spriggs* v. *Moale*, 28 Md. 506; *Weale* v. *Lohmer*, Pollex, 53; *Knapper* v. *Saunders*, Hutton, 118; *Keeble's Case*, Littleton, 370; 2 Best on Ev. [Morgan's Notes] 848, § 498.) Upon the claim of title as it is, the death of Alexander Ellice and that respondent has good title will be presumed. (*N. Y. C. & H. R. R. R. Co.* v. *Brennan*, 12 App. Div. 103; *Greenleaf* v. *B., F. & C. I. R. R. Co.*, 132 N. Y. 408; *Ensign* v. *McKinney*, 12 Abb. [N. C.] 463; *Allen* v. *Lyons*, 2 Wash. C. C. 475; *Thomas* v. *Visitors, etc.*, 7 Gill & J. 385; *Carter* v. *T. Finishing Co.*, 77 Penn. St. 310.)

VANN, J. The complaint charges the defendant with unlawfully entering upon lands of the plaintiff and cutting

down and carrying away a large number of trees therefrom. Neither by his answer nor evidence did the defendant claim the right to enter upon the land in question or to cut trees thereon, but he put at issue the entry by himself, as well as the title of the plaintiff. The land upon which the alleged trespass was committed was virgin forest in the county of Fulton that had never been so inclosed, cultivated or used as to constitute an *adverse* possession. (Code Civ. Pro. § 370.) The plaintiff proved a record title thereto, commencing in 1794, when letters patent were granted by the state of New York, and extending through various *mesne* conveyances until 1872 when the apparent title vested in William Claflin, of whom in September, 1893, the plaintiff purchased by a contract which imposed upon him the duty of paying the annual taxes and gave him the privilege of cutting and carrying away timber upon certain conditions. He cut 8,000 or 10,000 logs every year on the tract and had such possession only as may be implied from the foregoing facts. (*Machin* v. *Geortner*, 14 Wend. 239 ; *Hunter* v. *Starin*, 26 Hun, 529.)

The attack made upon the title by the defendant is that there is no legal evidence to show that Anne Ellice and six others, all residents of England, who, in July, 1817, conveyed 200,000 acres, including the *locus in quo*, in consideration of £20,000, were the widow and heirs at law of Alexander Ellice, also a resident of England, who took title from the patentees in 1795. It appeared, however, that the six deeds, constituting the chain of title from the state, had all been recorded, and that they were all in the possession of Mr. Claflin, the last grantee, who kept them together as muniments of his title. It further appeared that the deed of 1817, which was acknowledged in London before the minister of the United States to Great Britain, recited that Alexander Ellice, of London, died intestate and seized of said premises, leaving the grantors as his widow and heirs at law.

Whether Anne Ellice was the widow and her co-grantors the heirs at law of Alexander Ellice was a question of pedigree, which, owing to the difficulty of producing living wit-

nesses to prove remote events, is an exception to the rule excluding hearsay evidence. Pedigree is the history of family descent, which is transmitted from one generation to another by both oral and written declarations, and unless proved by hearsay evidence it cannot, in most instances, be proved at all. Hence, declarations of deceased members of a family, made *ante litem motam*, are received to prove family relationship, including marriages, births and deaths, and the facts necessarily resulting from those events. (*Eisenlord* v. *Clum*, 126 N. Y. 552; *Jackson* v. *Cooley*, 8 Johns. 128; *Jackson* v. *King*, 5 Cow. 237; *Jackson* v. *Russell*, 4 Wend. 543; affirmed, *sub nom. Russell* v. *Jackson*, 22 Wend. 277; Greenleaf's Ev. [14th ed.] §§ 103, 104; Wharton's Ev. [3d ed.] ·§§ 201 *et seq.;* Rice on Ev. § 220.) Recitals in an ancient deed, admissible in evidence without proof of cotemporaneous possession, may be proved as against persons who are not parties to it and who do not claim under it. (*Greenleaf* v. *B., F. & C. I. R. R. Co.*, 132 N. Y. 408; *Fulkerson* v. *Holmes*, 117 U. S. 389; *Deery* v. *Cray*, 72 U. S. 795; *Doe* v. *Davies*, 10 A. & E. [N. R.] 314; 18 Am. & Eng. Encyc. 263, 266.)

Before the declarations can be received, however, as evidence of pedigree, it must appear that the person making them was a member of the family and that he is dead, incompetent, or beyond the jurisdiction of the court. Therefore, before the declarations of Anne Ellice, as contained in the recital of her deed, could be received in evidence on the question of pedigree, it was necessary for the plaintiff to show that she was a member of the family of Alexander Ellice, and that she could not be produced or testify owing to one of the contingencies named. While the law required that her relationship to the Ellice family should be shown by evidence independent of her own declarations, still, as was recently held in an important case, " but slight proof of the relationship will be required, since the relationship of the declarant with the family might be as difficult to prove as the very fact in controversy." (*Fulkerson* v. *Holmes*, 117 U. S. 389, 397.)

The proof of such relationship rested ·upon the identity of

the family name, the certificate of acknowledgment before the United States minister, and the custody by the proper party of the deeds showing title in Alexander Ellice by conveyances running back to and including the original patent. The acknowledgment of a deed from persons describing themselves as heirs, taken before the mayor of London, and the custody of letters patent, were regarded as circumstances of importance in two early cases in this state. (*Jackson* v. *Cooley, supra;* *Jackson* v. *King, supra.*) We think that the facts stated, together with the further fact that at the time of the trial 80 years had elapsed since the acknowledgment of the deed, were sufficient to establish, in the absence of rebutting evidence, that Anne Ellice and her co-grantors were members of the family, and, hence, in a position to speak on the subject of pedigree. While the evidence was not strong, the difficulty of producing better evidence owing to the distance between the last known residence of the foreign grantors and the place in which the parties resided and where the trial was had, should not be lost sight of. (Wharton's Ev. §§ 204, 216, and cases cited.) It was proper also to take into consideration the fact that no adverse claim had ever been made to the land, and that even the defendant made no claim thereto, but stood before the court as a naked trespasser, unless he could pick some flaw in the title of the plaintiff.

As continuity of residence is presumed in the absence of evidence, we must assume that Anne Ellice, if living at the time of the trial, was beyond the jurisdiction of the court; but owing to the long lapse of time the presumption is that she was not then alive. While existence at an antecedent date gives rise to a presumption of existence at a subsequent date, it continues only for a reasonable period, for it is obvious that a point of time must ultimately be reached when such a presumption must give place to its opposite. As was said by Mr. Justice FIELD in *Montgomery* v. *Bevans* (1 Sawyer, 653, 667), " There must be some period when the presumption of the continuance of life ceases, and the presumption of death supervenes." The death of a person may be presumed to

have happened prior to a given date when it would be con-
trary to the ordinary course of nature that he should be living
at that time. (*Sprigg* v. *Moale*, 28 Md. 497.) In *Doe* v.
*Michael* (17 A. & E. [N. R.] 276), Lord CAMPBELL said, " See-
ing that the entry bears date more than fifty years before the
trial, proof of the death of the person signing it was unneces-
sary. Under such circumstances, in the absence of evidence to
the contrary, it is to be presumed that he is dead." So, Lord
MANSFIELD in *Rowe* v. *Hasland* (1 W. Black. 404) declared
that " in establishing a title upon a pedigree, where it may be
necessary to lay a branch of the family out of the case, it is
sufficient to show that the person has not been heard of for
many years, to put the opposite party upon proof that he still
exists." And Lord ELLENBOROUGH in *Doe* v. *Jesson* (6 East,
80, 85), referring to the statutes of 19 Car. 2, C. 6 and 1 Jac.
I, C. II, said that " the presumption of the duration of life,
with respect to persons of whom no account can be given,
ends at the expiration of seven years from the time when they
were last known to be living."

Mrs. Ellice acknowledged the deed under consideration in
the year 1818, when she is presumed to have been of full age,
so that if living at the time of the trial she must have been
more than one hundred years old. While such an age is some-
times attained by human beings, it is opposed to the common
experience of mankind and so exceptional as to throw the
burden of proof upon the party asserting it. In the absence
of evidence, we think it should be presumed that Mrs. Ellice
was not living at the time of the trial, the same as various
presumptions are indulged in by courts founded upon the
course of nature and general observation. (*O'Gara* v. *Eisen-
lohr*, 38 N. Y. 296; *Oppenheim* v. *Wolf*, 3 Sand. Ch. 571;
*Sheldon* v. *Ferris*, 45 Barb. 124; *Matter of Ackerman*, 2
Redf. 521; *Lessee of Allen* v. *Lyons*, 2 Wash. C. C. Rep.
475; *Carter* v. *Tinicum Fishing Co.*, 77 Pa. St. 310;
*Thomas* v. *Visitors of Frederick Co. School*, 7 Gill & J.
369.)

Cases of pedigree are peculiar in that they depend almost

exclusively upon presumption, which is a process of probable reasoning from facts established or judicially noticed. (1 Best on Ev. 411.) While presumptions "should be weighed with care and applied with caution" in all cases, in a case involving a transaction which occurred nearly three generations ago, necessity may compel their use in order to prevent a failure of justice. The difficulty of proof by the party asserting the fact, as well as the attitude of the party denying it, should be considered and the former aided by resort to presumptions, when supported by strong reasons, where the latter makes no claim to the subject of litigation, but attempts to defend a wrong inflicted upon some one by insisting that it may not have been the plaintiff whom he wronged, but some person unknown.

We think the plaintiff established a right to recover by evidence which was competent under the circumstances of the case, and, after examining all the exceptions, we affirm the judgment appealed from, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.