32 P.(2d) 1022

**VALDEZ v. SMITH et al.**

No. 3886.

Supreme Court of New Mexico.

May 14, 1934.

John J. Kenney, of Santa Fé, for appellant.

George F. Bruington and Claude T. Smith, both of Aztec, for appellees.

WATSON, Chief Justice.

Plaintiff, Jose Cleofas Valdez, sued numerous defendants, named and unnamed, to quiet title to three tracts, all evidently portions of "the old Juan J. Valdez ranch."

Defendants Smith and Carter answered. They set up a former suit to quiet title by the same plaintiff against the same defendants, in which plaintiff obtained a decree based on a stipulation with defendants Smith and Carter, which, as they alleged, was res adjudicata of the present suit. As exhibits they set forth a copy of a former complaint, a copy of the stipulation, a copy of the final judgment, and a copy of a motion exhibited by plaintiff to set aside the final judgment. In that motion it was claimed that the plaintiff had inadvertently made an error in describing one of the three tracts with the result of excluding more than half of it. The record does not disclose the disposition of that motion. Plaintiff assumes to state that it was overruled. Defendants, by said answer, also made the point that plaintiff's failure to present his entire claim in the first suit estopped him in the present suit.

Plaintiff seems to have filed no reply. Defendant's motion for judgment on the pleadings was sustained and judgment was entered, after consideration of briefs and arguments "upon the issues raised by the answer of 'res adjudicata,'" holding "that the defense raised by the answer creates a bar to the prosecution of this present action, and the plaintiff is estopped from now maintaining the same." Plaintiff appeals.

Appellant here asserts, and appellees do not deny, that, in preparing the original complaint, an error was made in describing one of the three tracts as 1,295.6 feet instead of 2,615.6 feet in length. He urges that the subject-matter of the present suit is not the same

as that of the former suit, and that the principles of res adjudicata were erroneously applied to bar his right to a day in court as to the land not included in the original complaint and decree.

But the original decree did not stop with adjudicating title to the lands described in the original complaint. After so doing, it adjudged "that the plaintiff quit-claims and hereafter makes no claim to any other lands described in the patent originally issued to Juan Valdez, as the same is recorded in book 1 at page 79 of the San Juan County public records, as such claim or ownership might affect the land now claimed by the said defendants Charles Carter and Roy Smith, as described in deed recorded in said county records in book 31 at pages 316, 317 and 318. * * * "

The decree must be interpreted in the light of the stipulation, which is as follows:

"That as to the defendants Roy Smith and Charles Carter it is agreed that the plaintiff be allowed to acquire title to those lands described in his complaint and quit claim and hereinafter make no claim to any other land described in the patent originally issued to Juan Valdez, as the same is recorded in book 1 at page 79 of the San Juan County public records, as such claim or ownership might affect the land now claimed by defendants Charles Carter and Roy Smith as described in deed recorded in said county records in book 31 at pages 316, 317 and 318, and except also that no claim shall be made by plaintiff to water rights or the right to use water for irrigation purposes heretofore acquired or used in any of the last described lands by any one other than the plaintiff, and that a decree be entered in this cause in conformity to this stipulation."

So, as it seems, the omitted land claimed as the additional subject-matter of this suit was really involved in the former suit, and the intent and purport of the first decree was to quiet title to it in appellees as against appellant. Appellant urges that the decree could not thus enlarge the complaint. But, according to well-established principles, the omission of the complaint was supplied by the stipulation. It is as if appellant, claiming the whole, had recovered only as to a part. The decree is as much a bar against him as respects the land adjudged to appellees, as it is a bar against appellees as respects the land adjudged to appellant.

Assuming that appellant consented to the decree in ignorance of the fact that he was admitting the title of appellees to a part of the land he thought was being adjudged to him, his situation was and is unfortunate. It is not for us to point out the remedy, if he had or has one. It seems plain that he could not ignore the earlier decree and relitigate the whole matter in a new suit to quiet title.

Finding no error in the present judgment, we affirm it and remand the cause. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.