In the Matter of GEORGE T. MARSH and Another, Petitioners.

Supreme Court, Kings County, June 21, 1934.

*Truman H. Baldwin & Sons*, for John H. Ireland Realty Company, Inc.

*Litchfield F. Moynahan* and *Matthew Sentner*, for the petitioners.

CONWAY, J. In 1924 the city of New York instituted a condemnation proceeding referred to as the " Jamaica Bay " proceeding. On the damage map in said proceeding was a parcel designated as damage parcel 45 in parcel 8. Title to this damage parcel vested in the city on November 11, 1924. The final decree in said proceeding was duly filed on February 4, 1930, and by it an award for this damage parcel was made to an unknown owner. The said award, with accumulated interest, was paid by the city comptroller to the chamberlain and now amounts to the sum of $10,916.62, with such interest as may have accumulated thereon.

In or about 1933, one George T. Marsh and one Lillian V. Rourke made separate applications each claiming to be entitled to one-half of said award. Upon these separate applications orders were duly made and entered referring the matter to take proof and report with his opinion as to the person or persons entitled to said award. The matter came on to be heard before the referee on or about May 19, 1933, and the following proof was adduced: In behalf of the claimants, two tax deeds were offered in evidence, one dated January 12, 1880, by James W. Wadsworth, State Comptroller, to one Didymus Thomas, the other by Alfred C. Chapin, also State Comptroller, dated January 18, 1884, to the said Didymus Thomas. Both deeds were recorded on December 13, 1906. The referee, in his report filed May 25, 1933, found in finding of fact No. 7 that each of these tax deeds conveyed to said grantee premises of which said damage parcel No. 45 in parcel 8 formed a part. There was next offered in evidence a certified copy of a deed dated September 18, 1897, recorded December 13, 1906, between one Lydia M. Francis, party of the first part, and Lelia E. Marsh, party of the second part. This deed contained the following recital: " It is hereby further understood by the parties to this deed that said Didymus Thomas died intestate on or about the year 1887, leaving surviving him no other heirs at law than the party of the first part and that said Didymus Thomas died unmarried." By virtue of this recital, the referee found in said finding of fact No. 7 that said Thomas died intestate leaving as his only heir at law and next of kin one Lydia M. Francis and that by the above deed the premises, of which said damage parcel formed a part, were conveyed by said Lydia M. Francis to Lelia E. Marsh. As a result of evidence thereafter adduced, the referee further found in said finding No. 7: " That by deed by said Lelia E. Marsh and her husband, dated October 1st, 1897, and recorded December 13th,

1906, an undivided one-half interest in the premises, of which said damage parcel formed a part, was conveyed to the claimant Lillian V. Rourke. That by deed from said Lelia E. Marsh, dated November 28, 1904, and recorded February 23, 1905, her remaining undivided one-half interest in said premises, of which said damage parcel was a part, was conveyed to Peletiah J. Marsh. That said Peletiah J. Marsh died testate and by his will devised his one-half interest to one Mary Ada Marsh. That said Mary Ada Marsh, by assignment in writing dated November 21, 1932, assigned her right, title and interest to one-half of said award to the claimant George T. Marsh."

As conclusions of law the referee found in substance, in conclusions Nos. 1 and 2, that the said claimants George T. Marsh and Lillian V. Rourke were each entitled to a one-half interest in the said award for damage parcel No. 45 in parcel 8, together with interest, after deducting all taxes, assessments, and interest which were a lien thereon when title vested in the city, and in conclusion No. 3 that said claimants were entitled to an order accordingly. This report was duly filed on May 25, 1933. It is apparent that the said conclusion of the referee as to the said claimants' rights to this award was predicated upon his finding of the validity of the said tax deeds of said premises to Didymus Thomas and upon the subsequent mesne conveyances and devises above specified. Thereafter, the John H. Ireland Realty Company, Inc., claiming to be entitled to said award, petitioned for leave to intervene, with the result that on July 7, 1933, an order was duly entered herein permitting such intervention and remitting the matter to said referee to take further proof and report with his recommendations. Thereafter, and on or about December 18, 1933, the parties appeared before the referee, the John H. Ireland Realty Company, Inc., presented its proof, and the referee made and filed his report on or about January 18, 1934. Upon the evidence adduced at this hearing the referee found as matter of fact in substance as follows: That from 1869 to 1874, inclusive, one Williamson Rapalje was the owner of the premises which included the whole of said damage parcel and was a resident of the town of New Lots; that the assessors of the said town of New Lots, in the year 1869 and in the years 1871, 1872, 1873 and 1874, assessed the said premises, which included the whole of said damage parcel, as non-resident property in the name of one Carson Brevoort; that thereafter, and in October, 1877, the Comptroller of the State purported to sell said premises, of which said damage parcel formed a part, for the unpaid taxes so levied in the year 1869, and thereafter, and in November, 1881, the then Comptroller of the State also purported to sell said premises, of which said damage parcel formed

a part, for the unpaid taxes for said years 1871, 1872, 1873 and 1874; that the said assessment of said property for said years as non-resident property was illegal and null and void; that said sale of the property as owned by a non-resident was illegal and null and void; and that the said two tax deeds by the said State Comptroller to said Didymus Thomas were and are illegal and null and void and of no effect. As a result of these findings of fact, he found as conclusion of law No. 3 that the claimants George T. Marsh and Lillian V. Rourke have no title or interest in or to the property of which said damage parcel forms a part, and no right or title in or to the said award or any part thereof. He, therefore, found, in conclusion of law No. 4, that the findings of fact numbered 7, 8, 9 and 10, and the conclusions of law numbered 1, 2 and 3, as contained in his former report, were " wholly erroneous and they are and each of them is hereby revoked and withdrawn."

Upon the evidence adduced at this hearing, the referee further found as conclusions of law that the said John H. Ireland Realty Company, Inc., is and at the time of the taking herein was the owner in fee of all the said real estate, of which said damage parcel No. 45 in parcel 8 formed a part, and that it was entitled to the entire award for said parcel, together with accrued interest thereon. He, therefore, found, as conclusion of law No. 5, that the claimant John H. Ireland Realty Company, Inc., was entitled " to an order directing the chamberlain of the City of New York to pay the entire amount of the said award for damage parcel No. 45 in parcel 8 in this proceeding, together with the accrued interest thereon, to the said claimant John H. Ireland Realty Co., Inc."

I shall first consider whether the evidence justified the finding of title in the John H. Ireland Realty Company, Inc. This evidence discloses, and the referee found, as follows: That by deed dated April 17, 1747, Denys Hegeman and wife conveyed certain premises, of which said damage parcel formed a part, to one Hendrick Fine. That in 1753 said Hendrick Fine conveyed said premises, of which said damage parcel formed a part, to one Jacobus Lefferts. That said Jacobus Lefferts, by his will probated in 1768, devised the said premises of which said damage parcel formed a part to his son, Leffert Lefferts. That by his will, probated in 1806, said Leffert Lefferts devised the premises of which said damage parcel formed a part to his son, also named Leffert Lefferts. There is no deed or instrument of record showing a conveyance of the said premises by the son Leffert Lefferts or any devolution of title out of him. Notwithstanding this break in the chain of title, the referee expressly found as a fact as follows: Finding No. 11. " That the said last named Leffert Lefferts by deed referred to in a conveyance dated

June 14, 1816, and recorded in Libre 39 of Conveyances, at page 288, in the office of the Register of Kings County, conveyed the said premises, of which Damage Parcel No. 45 in Parcel 8 in these proceedings formed a part, to Nicholas Williamson." In the following finding of fact No. 12, the referee found that by deed dated June 14, 1816, and recorded in 1834, said Nicholas Williamson conveyed premises, of which said damage parcel formed a part to one Simon Rapalje. In that portion of the deed descriptive of the premises conveyed appears the following recital: " Also one other lot of Salt Meadow which I purchased of Leffert Lefferts, deceased, running from the last mentioned creek to the bay, bounded easterly by meadow of John Wycoff, and westerly by meadow of the widow, Van Dine."

So far as I am able to ascertain from the record, the sole basis for the express finding of a deed from Leffert Lefferts to said Nicholas Williamson, as found by the referee, in his eleventh finding of fact, is the recital in this deed of Williamson to Simon Rapalje, which consists of the phrase " which I purchased of Leffert Lefferts." The question of the sufficiency of this recital in the deed of Williamson to Simon Rapalje to support the finding of a deed from Lefferts to Williamson will be hereafter considered. Following the finding of such conveyance from Nicholas Williamson to Simon Rapalje in 1816, the devolution of title for approximately the next eighty years, or until about the year 1896, as found by the referee, was through the medium of devises in wills. And according to the findings, from about the year 1896, the title to the premises of which said damage parcel formed a part, passed by mesne conveyances and finally became vested in the John H. Ireland Realty Company, Inc., on or about January 18, 1915. No evidence was offered at either hearing which would support a finding that Leffert Lefferts or Nicholas Williamson or any subsequent devisee or grantee in the devolution of title ever assumed actual physical possession of the premises of which said damage parcel formed a part. The property was salt meadow, most of it could be walked upon when the tide was low, but at high tide it might be covered but was ordinarily called hard meadow. It was vacant property. Salt hay grew on it, that was all. There were no buildings, it was vacant and unoccupied property, not fenced in but probably marked by ditches. The inherent weakness in the title of the John H. Ireland Realty Company, Inc., as thus sought to be established, lies in the eleventh finding, where the referee found as a fact that Leffert Lefferts, by deed, conveyed the premises to Nicholas Williamson. As heretofore stated, the sole basis for this finding is the recital in the deed of Williamson to Simon Rapalje in 1816, wherein the grantor refers to

the property which he purports to convey in the words "which I purchased of Leffert Lefferts." So far as appears, Lefferts and Williamson were strangers to each other. There is no evidence that they were parties to any contract of sale or that Williamson had any equitable interest or lien upon the property. It is true that recitals in deeds are deemed to be effective and binding upon the parties thereto upon the principle of estoppel. (Devlin Deeds [2d ed.], §§ 995, 997; Tiedeman Real Prop. [3d ed.] §§ 511, 513; *Demeyer* v. *Legg*, 18 Barb. 14, 20.)

It is also true that an ancient deed in a chain of title is admissible in evidence, even against a stranger to the title, without proof of contemporaneous possession in the grantor, when the deed is of so remote a period in the past that living persons cannot be found who can testify as to actual possession. (*Young* v. *Shulenberg*, 165 N. Y. 385, 388; *Greenleaf* v. *Brooklyn, F. & C. I. R. Co.*, 132 id. 408, 413, 414.) It should be here noted that there is no evidence of record title in Denys Hegeman when he conveyed to Hendrick Fine in 1747. How he acquired the title which he purported to convey is not disclosed. Therefore, there being no evidence of ownership or possession in Hegeman, a deed from him did not establish title in his grantee and those claiming under him by mesne conveyance. (*Miller* v. *Long Island R. Co.*, 71 N. Y. 380, 383.) But aside from this consideration, to which I shall again revert, the deed from Williamson to Simon Rapalje, considered without reference to said recital, was not a deed in a chain of title. There was a break in the paper title by reason of the absence of evidence of a conveyance or devolution out of Leffert Lefferts; therefore, except for his own recital in his own deed, there is no evidence of title in Williamson and, not being shown to be the owner or in possession, Williamson's deed, under the case above cited, did not establish title in his grantee and those claiming under him. The question then is whether the said recital in the Williamson deed of 1816 justified the express finding of a deed from Lefferts to Williamson. If it did, then, assuming the title to have been in Hegeman in 1747, the missing link in the chain of title was supplied and the Williamson deed was admissible in evidence as an ancient deed in a chain of title to be considered in connection with other evidence. In my opinion the recital did not afford a sufficient basis for the finding. The recital, it will be observed, is not of the fact of a deed of conveyance from Lefferts to Williamson, but is conclusory in character and in the nature of a self-serving declaration to the effect that he, Williamson, purchased from Lefferts. If there had been evidence of some contractual relation existing between Lefferts and Williamson or some equitable right in the latter to demand a conveyance, or even

if there had been evidence showing possession in Lefferts and Williamson or in the latter's grantee, Simon Rapalje, under the deed of 1816, then possibly the recital in the Williamson deed might be deemed a sufficient basis for the presumption of a grant in accordance with the recital; but in the absence of such evidence the recital did not justify the finding of a deed from Lefferts to Williamson and was not evidence against a stranger to the title. This principle seems to be recognized in *Schermerhorn* v. *Negus* (2 Hill, 335, 337). But even if the recital did justify the finding and if it were conceded that the deed of 1816 was admissible in evidence as an ancient deed, still it was not sufficient evidence to support the finding of title in John H. Ireland Realty Company, Inc., in the absence of evidence showing some subsequent possession in those claiming subsequently through mesne conveyances. (*Greenleaf* v. *Brooklyn, F. & C. I. R. Co., supra,* 414, 415.)

The rule of the foregoing cases is controlling, notwithstanding the evidence of the payment of taxes by the John H. Ireland Realty Company, Inc., or its predecessor for the years 1899 to 1932. Payment of taxes is no evidence of possession, either actual or constructive. (*Archibald* v. *New York Central & H. R. R. R. Co.,* 157 N. Y. 574, 583; *Greenleaf* v. *Brooklyn, F. & C. I. Ry. Co.,* 141 N. Y. 395, 399.) Moreover, in the absence of evidence of possession in Williamson and those claiming under him, the claim of title in the John H. Ireland Realty Company, Inc., is not aided by any presumption to the effect that some time prior to June 14, 1816, the date of the Williamson deed, Lefferts actually conveyed to Williamson. There is no such presumption. The doctrine of the presumption of a lost grant cannot " be supported by a claim of title unless it is accompanied by proof of actual or constructive possession characterized by claims and acts of ownership during the period required by law." (*Kellum* v. *Corr,* 209 N. Y. 486, 495, 496; *Mission of the Immaculate Virgin* v. *Cronin,* 143 id. 524, 527.)

I, therefore, conclude that the referee erred in his conclusion that at the time of the taking by the city, the John H. Ireland Realty Company, Inc., was the owner in fee of the property, of which said damage parcel was a part. An additional reason for predicating error upon this finding of the referee lies in the absence of evidence, as before stated, showing title in said Denys Hegeman when he conveyed to Hendrick Fine in 1747. Since there is no evidence of possession or ownership in Hegeman and no evidence of improvement or inclosure of the land by either Hegeman or Fine or those claiming under them, the John H. Ireland Realty Company, Inc., can only establish a paper title by showing a chain of title from an " original patentee or donee." A deed from one not in possession

or not proved to be the owner does not establish title. The rule seems to be so stated in *Miller* v. *Long Island R. Co.* (71 N. Y. 380, at p. 383); *Greenleaf* v. *Brooklyn, F. & C. I. Ry. Co.* (141 id. 395, at p. 398); *Kennedy* v. *Mineola, H. & F. Traction Co.* (77 App. Div. 484, 491, 492; affd., 178 N. Y. 508).

I shall now consider the claim of Marsh and Rourke. As before stated, the finding of the referee that the tax sales and tax deeds were illegal and void is based apparently upon the alleged illegality of the assessment of the property as non-resident, whereas in fact it was then owned by Williamson Rapalje, who was a resident. But the foregoing considerations, which lead to the conclusion that the John H. Ireland Realty Company, Inc., had no title, leads to the conclusion that the referee also erred in his finding of ownership in said Williamson Rapalje. The latter derived his title by devise under the will of his father, Simon Rapalje, probated in 1849, and Simon Rapalje derived his title under the said deed of Nicholas Williamson in 1816. Under the authorities cited, by reason of the absence of proof of title in Hegeman in 1747 and the insufficiency of the recital in the Williamson deed of 1816 to support the finding of a conveyance by Lefferts to him, as hereinbefore stated, there is no legal basis for a finding of title in said Williamson Rapalje, the predecessor of the John H. Ireland Realty Company, Inc., and if the record does not disclose ownership in said Rapalje or any other specified person at the time of the tax assessments and sales, then there is no basis for a conclusion, either as matter of fact or law, that the said property was erroneously assessed as non-resident property, and no basis for the finding that the two tax deeds were void. In this respect, the presumption is of legal, not illegal, action. In the absence of evidence to the contrary, tax officials, as well as officers generally, are presumed to have done their duty. The rule in this respect is stated in *People ex rel. Manhattan R. Co.* v. *Barker* (146 N. Y. 304, 313); *People ex rel. Brooklyn Development Co.* v. *Purdy* (96 Misc. 10, 14); 61 C. J. 573, § 702. And since the evidence is sufficient to support a finding that the property conveyed by the said tax deeds included the damage parcel here involved, nothing in the record impeaches the *prima facie* validity of the tax title acquired by Didymus Thomas. However, conceding the correctness of this conclusion, the claimants Marsh and Rourke here encounter a seemingly insuperable objection to the legality of their claim to the award. The devolution of title out of Didymus Thomas is evidenced only by a deed, dated September 18, 1897, from one Lydia M. Francis to Lelia E. Marsh. This deed purports to convey the premises conveyed to said Thomas by said tax deeds. This deed contained the recital hereinbefore quoted to the effect that

said Thomas died intestate leaving him surviving no other heir at law than said Lydia M. Francis. Under the authorities hereinbefore cited, this recital would be binding upon the parties to the deed upon the theory of estoppel, but viewed as a recital of intestacy and pedigree, the recital is not binding upon a stranger to the title. This deed, executed in 1897, is not an ancient deed. So far as appears to the contrary, there may be many living persons whose memory antedates the alleged death of Didymus Thomas in 1887 and the execution of the above deed in 1897. There is no proof, and certainly no presumption, to the contrary. The rule relating to pedigree evidence is an exception to the rule excluding hearsay evidence and is based upon the difficulty of proving remote events by the evidence of living witnesses. Pedigree is family history, evidenced by both oral and written statements, and generally, unless proved by hearsay evidence, cannot be proved at all. There is no similarity in the names " Thomas " and " Francis." It does not appear that Lydia M. Francis is dead or incompetent or beyond the jurisdiction of the court or, except by her own recital, that she was a member of the family of said Didymus Thomas. The rule requires that her membership in the family be proven, otherwise than by her own declaration. Moreover, the recital is not shown to have been *ante litem motam*. On the contrary, it is a permissible inference that the purpose of the recital was to show ownership in her, with her consequent right to convey. In my opinion, this recital does not come within the purview of the pedigree rule and does not justify a finding either of the intestacy of Didymus Thomas or of the heirship of Lydia M. Francis. The rule in this respect seems to be stated in *Young* v. *Shulenberg* (165 N. Y. 385, at p. 388); *Aalholm* v. *People* (211 id. 406, 412, 413); *Matter of Whalen* (146 Misc. 176, 189, 190). It follows that the title of Lillian V. Rourke and Mary Ada Marsh, the assignee of George T. Marsh, who claim under Lydia M. Francis by mesne conveyances and devises, is not established by legal evidence.

My conclusion is that neither of the claimants has established a legal right to the award.