SMALL CAUSE COURT OF GLOUCESTER COUNTY.

ANGELINE R. HOY, PLAINTIFF, v. LAWRENCE R. MEYERS DEFENDANT.

Decided January 25, 1945.

For the plaintiff, *Curry & Purnell* (*George Purnell*).

For the defendant, *Lynwood Lord*.

THOMAS, S. C. Ct. Plaintiff rented the premises in question, 5 Focer Street, Glassboro, to the defendant for the term of one year commencing on July 1st, 1942. The lease was renewed in 1943 but not in 1944. On October 28th, 1944, the plaintiff served notice upon the defendant to vacate on December 1st, 1944. He did not do so; hence this suit.

The defendant produced evidence tending to show that the parties commenced negotiations for the sale of the property to the defendant. Mr. Cresse acted as intermediary but whether as agent for the plaintiff or defendant does not appear, nor did he testify in the matter although there are several points which he might have cleared up.

The only witness in the case was the plaintiff, Mrs. Hoy, called by both plaintiff and defendant. She admits the negotiations toward the purchase of the property. A copy of a letter from her to Mr. Cresse instructing him to sell to Mr. Meyers provided settlement was before February 1st, 1944, was produced by the defendant from the possession of the plaintiff. No settlement took place by that day, but later Mrs. Hoy sent to Mr. Cresse the deed to her to be given to the defendant, who is also an attorney, for the purpose of drawing a deed from the Hoys to him. This deed the defendant offered in evidence. The new deed was executed and sent to Mr. Cresse but recalled from him by Mrs. Hoy. No money has ever passed between the parties.

The defendant denies the jurisdiction of this court on the ground that a question of title to real estate is involved. He also set up at the trial that the defendant was entitled to 90 days' notice instead of 30, and that the notice was improperly given for a 30 day notice because given 33 days ahead of time instead of 30 days.

It is the law that the Small Cause Court possessed no power to determine title to real estate. R. S. 2:9–16; N. J. S. A. 2:9–16. The exact wording of the statute is "A justice of the peace holding a small cause court shall not have any jurisdiction over * * * any action wherein the title to real estate shall come in question."

It also appears to be the law that the question of title to real estate must be a real one and not one raised merely for the purpose of defeating the jurisdiction of the justice of the peace. The legislature apparently had this in mind when they passed R. S. 2:33–39 and 40 and R. S. 2:58–25; N. J. S. A. 2:33–39 and 40 and N. J. S. A. 2:58–25. These read as follows:

R. S. 2:33–39; N. J. S. A. 2:33–39. "When, in an action in a small cause court, a defendant pleads as a justification title to real estate in himself or another under whom he acted. or entered, he shall make such plea in writing and sign and deliver it to the justice, who shall countersign and deliver it to plaintiff, and thereupon dismiss the action.

"If plaintiff shall, within sixty days thereafter, commence an action for the same cause in the supreme court or the circuit court of the proper county, defendant in such action shall be entitled to plead as a justification no other defense than the title to real estate in himself or another under whom he acted or entered; and, if plaintiff recovers any damages in the action in the supreme or circuit court, he shall recover his costs."

R. S. 2:33–40; N. J. S. A. 2:33–40. "The justice, to whom a plea of justification is tendered, shall, before receiving the same, take from defendant a bond, with sufficient surety, in the penalty of one hundred dollars, executed to plaintiff in the action, and conditioned that, if plaintiff shall

commence his action in the supreme or circuit court pursuant to section 2:33–39 of this title, defendant will appear thereto and pay such costs as may be awarded against him therein. If individual and not corporate surety is given, the surety shall consist of at least one person residing in the county and having sufficient freehold. If defendant does not give the bond herein required, the justice shall proceed in the action as if the plea had not been tendered."

*R. S.* 2:58–25; *N. J. S. A.* 2:58–25. "If upon the trial the plaintiff shall not be able to prove, by lease or other evidence, his right to the possession of the premises claimed by him without proving title to lands, tenements and hereditaments, the justice of the peace shall dismiss the action."

The last quoted section appears in the Landlord and Tenant Act. The first two appear in the Small Cause Court Practice Act. Do these first two sections apply to an action for possession instituted under the Landlord and Tenant Act?

In this connection, it is interesting to note that both Small Cause Court Act and the Landlord and Tenant Act were passed in the same year and the same term of the legislature. It is also interesting that the District Court procedure in dispossession proceedings is part of the District Court Act.

The Small Cause Court Act and the Landlord and Tenant Act were passed at separate times for separate purposes. The procedure for dispossession in the Landlord and Tenant Act is complete in itself; it needs no help whatsoever from the procedure in the Small Cause Court Act. *R. S.* 2:58–25; *N. J. S. A.* 2:58–25, can dispose of problems of title without the help of *R. S.* 2:33–39 and 40; *N. J. S. A.* 2:33–39 and 40.

It is true that it has recently been held that in dispossession proceedings the defendant is entitled to a bill of particulars although such a bill is not mentioned in the landlord and tenant proceedings. *Earl* v. *Krug Baking Co. (Circuit Court, Bergen,* 1944), 22 *N. J. Mis. R.* 424; 39 *Atl. Rep.* (2d) 784. But a bill of particulars is a common law right and is not provided for even in the Small Cause Court Act.

Consider also the wording of *R. S.* 2:33–39 and 40; *N. J.*

*S. A.* 2:33–39 and 40: "When * * * a defendant pleads as justification title to real estate in himself or another under whom he acted or entered * * *." The words imply an action on the part of the defendant. Suppose in a trial in dispossession proceedings the defendant were to plead title in another under whom he *held*. In such circumstance *R. S.* 2:33–39 and 40; *N. J. S. A.* 2:33–39 and 40, would be inapplicable. The reason why the statute was so written was because the legislature intended that it only be operative in the ordinary practice of the court under the Small Cause Court Act and not under the landlord and tenant proceeding.

I therefore hold that *R. S.* 2:33–39 and 40; *N. J. S. A.* 2:33–39 and 40, do not apply in this proceeding.

Let us now see whether the plaintiff has been able to prove her case without proving title to lands. She has proved her right to possession in her own case by showing that the defendant held under her as tenant. A tenant cannot question the title of his landlord. *Den ex dem. Howell* v. *Ashmore (Supreme Court,* 1849), 22 *N. J. L.* 261.

The tenant, however, contends that he purchased the premises from the plaintiff. Has he produced enough evidence to require the plaintiff to prove title to land?

What evidence must be produced by the defendant in order to require the plaintiff to prove title to land? It is that amount of evidence that would entitle him to go to the jury. If he has not produced enough evidence to go to the jury, if, after the close of his case, the plaintiff is entitled to a directed verdict, then the plaintiff has not been required to prove title to land and this court still has jurisdiction.

The defendant has produced the following proof:

1. Oral testimony that the plaintiff agreed to sell him the land.

2. A copy of a letter of plaintiff agreeing to sell if settlement were made before a certain date.

3. The deed from plaintiff's grantor to plaintiff.

During the trial certain evidence was admitted which should not have been admitted. Since the judge sat as a jury and could weigh the value of doubtful evidence, the attorneys

may not have been as watchful as they might ordinarily have been. I am therefore constrained to hold that in this case at least, incompetent evidence can be given no probative force and that the admission of such evidence cannot raise an issue or form the basis of a verdict, finding or judgment. 32 *C. J. S., Evidence,* 1077, § 1034.

Examined under this ruling, what do we find?

1. An agreement to sell sometime in the future under which no money has passed is not a present conveyance of real estate, at least not at law. See for example *Potts* v. *Whitehead (Chancery,* 1869), 20 *N. J. Eq.* 55, a case in some points similar to this.

2. A copy of a letter from the plaintiff to Mr. Cresse authorizing sale of the property providing action was taken within a stated time was produced by the defendant from the plaintiff's possession. No explanation was given for the failure to produce the original. In fact, Mr. Cresse was not called as a witness, a failure that is interesting as there are a number of problems which he might have solved. No copy may be introduced in evidence without explanation of the failure to produce the original. *Bozarth* v. *Davidson (Supreme Court,* 1841), 3 *N. J. L.* 617; *Biehler* v. *Great American Indemnity Co. (Supreme Court,* 1941), 127 *Id.* 114; 21 *Atl. Rep.* (2d) 225. In any event, the requirements of the letter were not complied with by the defendant. It proves no more than that there were negotiations.

3. I have made a painstaking search of the law and cases and I can find nowhere a statement that production of a deed to a supposed grantor proves title in a supposed grantee. Title to negotiable instruments may be transferred by delivery. Title to goods covered by a negotiable bill of lading may be transferred by delivery of the bill of lading. Title to goods stored in a warehouse may be transferred by delivery of a warehouse receipt made out to the bearer. However, I have never heard of title to real estate being transferred by delivery of a deed. I conclude that the deed is no evidence of title in the defendant, but is only evidence that it conveyed title to the grantee therein mentioned.

It follows that the defendant has not introduced evidence requiring the plaintiff to prove title to real estate. This court has jurisdiction.

At the trial it was agreed that the briefs of the parties would include the questions concerning the length of notice to which the defendant was entitled and whether the notice must be given exactly 30 days in advance of the termination date. The defendant, also by agreement, filed the first brief but failed to concern himself with these questions. I assume that they are abandoned.

Judgment is rendered for the plaintiff for possession of the premises and for costs.