337 P.2d 609

Sidney M. METZGER, Bishop of El Paso,
Plaintiff-Appellant,

v.

Alice Peacock ELLIS, Martin Lohman, Oli-
ver Lohman, Pauline Lohman Coulter, Do-
lores Pennington, Vivian Graham, Daurie
V. Peacock, Jr., Oscar Lohman and Francis
J. Peacock, Defendants-Appellants,

Dona Ana Bend Colony Grant, also known as
Dona Ana Bend Colony Community Grant,
unknown heirs of the following deceased
persons: Felipe Marujo and wife Josefa
Cana De Marujo; Louis Barrio, also
known as Luis Barrio and wife Maria Ro-
mero Barrio, also known as Maria De Los
Angeles R., and also known as Ma. De Los
Angeles R.; Pinckney R. Tully, also known
as Pinckney R. Fully, also known as P. R.
Tully, also known as P. R. Fully, also
known as P. K. Tully and also known as
P. K. Fully and wife Trinidad C. Fully;
Henry J. Cuniffe and wife, Francisca Cun-
iffe; and Cecilla Luna Sanchez; and all
unknown claimants of interest in the prem-
ises adverse to the plaintiff, Defendants-
Appellees.

No. 6433.

Supreme Court of New Mexico.

March 25, 1959.

Rehearing Denied April 20, 1959.

W. C. Whatley, La Cruces, Gilbert, White & Gilbert, Edwin E. Piper, Jr., Santa Fe, for plaintiffs-appellants.

Guinn & Guinn, El Paso, Tex., J. Wayne Woodbury, Silver City, for defendant-appellant Alice Peacock Ellis.

Garland & Martin, Las Cruces, for defendants-appellees, Pat J. Riley, Genevieve

Riley, Genevieve Sanders and Alfredo Barrio.

CARMODY, Justice.

This is an appeal partially concerned with the refusal of the trial court to grant relief to the plaintiff in a suit to quiet title, wherein the court, in addition to dismissing the plaintiff's complaint, granted the relief prayed for by some of the defendants, enjoining the plaintiff from utilizing the property involved in any way other than provided in a deed of conveyance, which, in brief, attempted to impose a trust. We are also concerned with an appeal by one of the other defendants for the refusal of the trial court to find an abandonment of the dedication and a reverter to the heirs of the original dedicators.

At first blush, it would appear that there are several substantial points of controversy that would have to be determined by this court. The plaintiff initially contends that there is no evidence that the original donor was the actual owner of the property at the time of the deed in question, the same being in the nature of a quitclaim deed without any named consideration; basically, that there was no showing, or actually a complete lack of evidence, as to any ownership of the property by the original grantor, the only matter appearing in the record being the deed itself. Plaintiff also argues that the defendants are estopped from contesting his title, because in 1927 a final decree was entered by the district court of Dona Ana County adjudicating the fee simple title to the property in plaintiff's predecessor, Bishop of El Paso. This prior case was brought by plaintiff's predecessor against the same defendants involved here or their ancestors, and covered all of the property herein at issue. Plaintiff then states that even if the original deed amounted to a dedication, the same is not enforcible both by reason of the suit to quiet title and because (as plaintiff avers) injunction is not the proper remedy; and even if it should be determined to be the proper remedy, that the defendants are not proper parties to enforce the trust, it being a matter which could only be instituted by the attorney general of the state. Plaintiff lastly maintains that the other defendant-appellant, Alice Peacock Ellis, is not entitled to reversion in any event. To the contrary, the defendant-appellees assert that the plaintiff, by offering evidence of the controverted deed, it being included in the abstract, could not thereafter object to its consideration by the court, and also that the actual question of the ownership of the property at the time of the original deed was not a matter which was litigated in the trial court and therefore cannot be considered by us. It should be noted, however, that the plaintiff's basic contention is that good title was shown in the plaintiff upon which a decree could be based without consideration of the contested deed, and on

this point also the defendants claim the plaintiff did not litigate this matter below.

With respect to the res judicata claim of plaintiff, defendants admit the general rule of res judicata but claim that by reason of the circumstances involved in this particular case the rule does not apply because the provisions of the "trust" deed were not actually litigated in the original quiet title action and that actually the plaintiff is estopped to rely upon such doctrine. This comes into consideration, partially at least, by reason of the fact that the pleadings as originally submitted, and upon which the trial court commenced the trial of the case, made no mention of the point of res judicata.

It appears in the transcript that at the time of an initial hearing of the case, it was brought to the attention of the court that the abstractor had inadvertently left out the suit to quiet title and that neither counsel for the plaintiff nor for the defendants realized that there was such a suit until immediately before the time of the trial. After some testimony had been taken, it appeared that the res judicata issue would become important, and the trial court recessed the trial with the following comment:

"Plaintiff will be permitted to amend and set up any new matters—by way of reply to the answer, I would take it. I don't know what form your pleadings would take, and I'm not attempting to advise as to that. The matter will be continued for that purpose."

As a result, the plaintiff filed a reply to the defendants' answer, setting up the former suit to quiet title among other things, and the appellee-defendants filed a response thereto.

Thus, it would appear that the pleadings at the time of the concluding portion of the trial were not really as clear and concise as might be desired, and if the trial court fell into error it is certainly understandable.

The appellee-defendants also, of course, declare that they had the right to enforce the trust dedication and that the action of the lower court was in all ways proper.

With respect to the appellant, Alice Peacock Ellis, and her contention seeking a reversion, it is claimed by the appellees that any error, if such there be, was not properly preserved and that the same is in any event not properly presented to this court under the provisions of § 21–2–1(15, subd. 6), N.M.S.A.1953. It is against the assertion of the appellant Ellis, of course, that both appellant Metzger and the appellee-defendants join forces, but actually this is a relatively minor issue which need not be specifically ruled upon by reason of our disposition of the so-called main appeal.

The above are the principal points of controversy upon which issue is joined, al-

though we have omitted other points which are an outgrowth from one or more of those set out above. Appellant seriously contends that the trial court erroneously took the position that the dedicatory deed was the principal issue in litigation and that therefore the court disregarded other elements of title upon which the plaintiff based his suit; also, that the court erroneously based its ruling on the "assumption" that the original dedicators had title at the time of the issuance of the deed. The plaintiff claims that his title is a perfect "paper" title upon which the court would be fully justified in granting the relief sought, commencing with the patent to the original patentee down through the original suit to quiet title, and that no weight need, be given to the deed in controversy, the appellant thus relying on the strength of his own title and not on the weakness of his adversary.

Actually, this entire controversy arises by reason of the deed above mentioned, dated in 1885 to the then Bishop of the Roman Catholic Church. The deed itself reads as follows:

"This indenture made this 21st day of August A. D. 1885, between Henry J. Cuniffe and Francisca Cuniffe, his wife of the Town of Las Cruces, County of Dona Ana Territory of New Mexico, of the first part, and The Right Reverend Bishop John the Baptist Salpointe of the Territory of New Mexi- co, present Bishop of the Diocese, and his successors in office *part* of the second part, Witnesseth:

"That the said parties of the first part in consideration that the (said party of the second part and his successors in office, will and shall take, hold, keep, use and apply the premises hereinafter described and conveyed for the uses and purposes hereinafter mentioned and for no other purpose), have remised, released, conveyed and quitclaimed and by these presents do remise, release, convey and quitclaim to the said party of the second part and to his successors in office forever, all the right, title, interest, estate, claim and demand of the said parties of the *scond* part, of, in and to the following described premises, to-wit: Two certain lots or parcels of land situate in the Town of Las Cruces, County of Dona Ana and Territory of New Mexico, the same that are marked and described on the original plat of said Town of Las Cruces as 'Square "O" and Catholic Church property' (on condition however that the said premises hereby conveyed shall forever be used, kept and held as a Public Park or garden, leaving and reserving a sufficient space as an entrance and exit to and from the Catholic Church in front of which the said premises are situate.)

"To have and to hold all and *sigular* the above mentioned and described premises with the appurtenances and privileges thereunto belonging or in any wise appertaining and all the estate, right, title, interest, and claim whatsoever of the said parties of the first part, either in law or in equity, under the hereinbefore mentioned conditions, to the only proper use, benefit and behoof of the said party of the second part, his successors in office, (in trust however for the use and benefit of the Roman Catholic Church of and at Las Cruces,) New Mexico, (and for the uses and purposes hereinbefore mentioned).

"In Witness Whereof, the said parties of the first part have hereunto set their hands and seals on this the day and year first above written.

"/s/ Henry J. Cuniffe

"/s/ Francisca Cuniffe"

■ The appellee-defendants say that the appellant may not rely upon the claimed error that the grantors of the above deed were not shown by the evidence to be the owners of the property at the time of the execution of the deed, on the basis that this was not raised in the trial court. Of course, if a point relied upon for reversal was not raised in the lower court, it cannot be considered by us, unless the same is jurisdictional. However, a careful reading of the transcript convinces us that the matter was considered by the trial court, the court saying during the course of the final arguments in the case, in part, as follows:

"I am going upon the assumption that Cuniffe and his wife at the time of the deed of 1885 had title"

Following this, the court, in making a statement with reference to the evidence in the case, said, referring to the donor and his wife:

"that *owning* the only vacant piece of property, * * * decided to protect the church by this conveyance * *"

Thus, it is obvious that the trial court *assumed* that the original grantors were the owners of the property and that the matter was considered by him in rendering his decision and subsequent judgment. It is therefore a matter which we may review.

■■ A painstaking review of the entire transcript fails to disclose one single word of testimony to the effect that the original grantors were the owners or even in possession of the property at the time of the issuance of the deed. The only reference to the deed actually in the record of the case is in the pleadings filed by the defendants and the record entry of the deed as shown by the abstract, which was admitted in evidence. Other than the offer of the abstract in evidence with its included contested deed, the appellant never at any

time submitted any proof with respect thereto. So also the defendants, other than the showing that at least some of them were heirs of the original donors, failed to offer any proof of title in the grantor, or evidence of possession of the property at any time by the grantor. Insofar as the record itself is concerned, the original grantors may have been mere interlopers. The deed itself is obviously in the nature of a quitclaim deed and not a deed of warranty, in which latter instance perhaps a different rule might prevail, although we are not called upon to pass upon this question. In any event, the deed being, as stated, in the nature of a quitclaim deed, it is well settled that the same conveys only such title, if any, as the grantor had. Conversely, a quitclaim deed conveys nothing if the grantor himself did not have title or an interest in the property. Annotation, 162 A.L.R. 556, 562.

The deed in issue attempted to make a dedication and to declare a trust, but regardless of its intent as shown on its face, it still remains a quitclaim deed.

█ The rule as stated in 26 C.J.S. Dedication § 7, p. 405, is, we believe, a correct statement:

"It may be stated as a general rule that no one except the owner of an unlimited estate or an estate in fee simple, or someone by him expressly authorized, can make a dedication of land.

There is no power of dedication where there is no power to alienate."

█ In the present instance, the plaintiff brought his suit in the ordinary manner of pleading a suit to quiet title. The defendants, both appellees and appellant, raised the issue of the 1885 deed by their answers, and the appellant denied the validity of the deed. Therefore, the burden of proof was on the defendants, be they appellees or appellant, to prove that their predecessor or ancestor, as the case may be, was the actual owner of the property involved. This they failed to do, and the trial court could not assume the truth of this basic fact in issue. Merely because the deed happened to be in the abstract, which was the plaintiff's exhibit, does not preclude the plaintiff-appellant from attacking it. Neither does it create a presumption that the grantor had title. Crawford v. Corey, 1894, 99 Mich. 415, 58 N.W. 332; Hoy v. Meyers, 1945, 41 A.2d 14, 23 N.J.Misc. 56; In re Marsh, 1934, 152 Misc. 454, 272 N.Y.S. 807; Potter v. Washburn, 1841, 13 Vt. 558. Quite frequently, an abstract will contain one or more instruments which cast a cloud upon the title to property and the introduction of the abstract in evidence does not prevent the party offering it from controverting the deed. On the other hand, neither does it satisfy whatever burden may be on the party relying on the deed from furnishing the necessary proof

as to ownership. See 26 C.J.S. Dedication § 44, page 493, where it is stated:

"Ordinarily, there is no presumption that a party who it is claimed made a dedication of property was the owner thereof, or had authority to dedicate it, but this is a fact to be proved by the party claiming the dedication, as much so as the intent to dedicate."

See also Gladewater Lumber & Supply Co. v. City of Gladewater, Tex.Civ.App.1935, 87 S.W.2d 527; Porter v. Stone, 1879, 51 Iowa 373, 1 N.W. 601; Robbins v. Houck, Tex.Civ.App.1952, 251 S.W.2d 429.

■ It therefore follows that the trial court, in making the assumption it did and sustaining the validity of the deed in contest, erred; and that the appellees have no right to an injunction and appellant Alice Peacock Ellis has no right to a decree directing reverter.

■■ This brings us to a consideration of the appellant's claim for relief, and it follows as night follows day that appellant having a valid existing paper title commencing with the patent from the United States of America and culminating in the prior suit to quiet title in which the original patentee disclaimed any interest, that the relief prayed for should have been granted, both on the evidence offered in the instant case (see Martinez v. Mundy, 1956, 61 N.M. 87, 295 P.2d 209), and upon the fact that the prior suit to quiet title effectively eliminated the defendants or their predecessors and that the same was res judicata. See Valdez v. Smith, 1934, 38 N.M. 345, 32 P.2d 1022; Costilla Estates Development Co. v. Mascarenas, 1927, 33 N.M. 356, 267 P. 74. Actually, the 1927 decree was clear and unambiguous, and matters dehors the record should not have been resorted to, to determine its meaning. Dunham v. Stitzberg, 1948, 53 N.M. 81, 201 P. 2d 1000; Hollingsworth v. Hicks, 1953, 57 N.M. 336, 258 P.2d 724. However, in this case with the confusion in the record as to the amended pleadings and the delay between the two hearings, it is easily understood that this particular point would not have been so apparent to the trial judge as it is to us.

By reason of our ruling with respect to the contested deed, it is unnecessary to make any determination of the other issues raised in the briefs, all of such, for all practical purposes, being based upon the erroneous assumption of the validity of the contested deed.

The case will be reversed with directions to the trial court to set aside its judgment and enter a new judgment in conformity herewith, and it is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.