## PORTER v. STONE.

51  373
f143  239

1. **Dedication:** GRANTOR MUST HAVE TITLE. A grant to the public is not established by simply showing that the grant has been made, but it must further be shown that the party making the grant owned the title to the land so dedicated.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, JUNE 11.

THIS action was commenced in January, 1875. The petition alleges that plaintiff is the owner of forty acres of land adjoining and abutting Fourth street, in the town of Delhi, Delaware county; that said street is a regularly laid out street in said town, as shown by the recorded plat thereof, and was used by the public generally and the plaintiff as a public highway; that the defendant, about the 19th day of May, 1873, wrongfully closed and obstructed said street, by building and maintaining fences across the same, and has continued to so obstruct said street, and deprive plaintiff and the public of the use thereof, to the date of the commencement of this suit. The plaintiff prays for judgment for three hundred dollars damages; that the defendant be ordered to remove the obstructions, and that he be perpetually enjoined from in any manner obstructing said highway. The defendant answered, denying all the allegations of the petition,

and alleging that the street had been vacated. The cause was referred to S. S. Summers, Esq., to take the testimony and report the same to the court. On the 4th day of February, 1878, the court rendered a decree finding for plaintiff one dollar damages, ordering that the nuisance be abated, and that the defendant be perpetually enjoined from obstructing said street. The defendant appeals.

*J. M. Brayton*, for appellant.

*Peters & Heath*, for appellee.

DAY, J.—I. No motion for trial upon written evidence was made, as required by section 2742 of the Code, and the

1. DEDICATION: grantor must have title.

cause is not, as both parties concede, triable *de novo*. The plaintiff, against the objection of defendant, introduced in evidence a copy of a plat and proceedings for the laying out of the town of Delhi, executed in 1842. The town was laid out by the county commissioners, under the provisions of an act of the Territorial Legislature of 1839. See Revised Statutes of 1843, chapter 147.

It is now, among other things, urged that the court erred in admitting the exhibits as to the laying out of the town, and in finding for plaintiff upon the proof introduced, because there was no proof that the county of Delaware owned the land referred to in the plat and proceedings. This objection, we think, is well taken. The party who lays out a town site, the effect of which, under the chapter above referred to, is to donate to the public the streets, alleys and public grounds, must of necessity have some title to the property to be affected by his act. A grant to the public is not established by simply showing that a town site has been laid out. The party claiming benefits from the grant must go further, and show the title of the party laying out the town, and thus undertaking to make the grant. In this respect the case of the plaintiff entirely fails.

II. Some evidence was introduced which seems to have

for its object the establishing of the street in question by prescription or by dedication. The plaintiff, in his petition, does not allege that the street was so established. He alleges that the street was regularly laid out, as shown by the recorded plat. The decree of the court also shows that the finding for the plaintiff was not based upon the fact that the street was established by prescription or dedication.

III. The court found that the defendant is estopped from claiming that the record of the plat is defective, having taken his title thereunder. The defendant is not seeking, in this action, to establish the title to any of the property embraced in the town plat, much less to the street in question. He is simply defending against plaintiff's action. The fact that defendant may own some lots in the town of Delhi does not estop him to insist that the plaintiff shall not recover in this action until he proves that the lot in question has been properly dedicated as a street. For the reason above considered the judgment is

