THE TOWN OF EDENVILLE v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Cities and Towns: STREETS: EVIDENCE OF TITLE IN PUBLIC. In this action to compel the defendant to construct a crossing at the intersection of its railway with an alleged street of plaintiff, plaintiff had the burden to establish that the alleged street was a public highway. *Held* that that fact was not established by the introduction of a duly acknowledged and recorded plat of the town, made in 1856, without showing further that the person laying out the town had title to the land. (Compare *Porter v. Stone*, 51 Iowa, 373.)

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, JANUARY 30, 1889.

THIS is an action of *mandamus* to compel defendant to construct a crossing at the point of intersection of its railway with an alleged street of the plaintiff town. The district court denied relief, and plaintiff appeals.

*J. M. Parker*, for appellant.

*Shortley & Cardell*, for appellee.

REED, C. J.—Under the issue, the burden was on plaintiff to establish that the alleged street is a public highway. To establish that fact it was necessary to prove title in the public. It introduced a plat duly acknowledged and recorded by one Rhodes in 1856, by which the strip of ground was dedicated to public use as a street, but introduced no other evidence of title. That the acknowledging and recording of the plat was sufficient to vest the public with whatever interest Rhodes possessed is certainly true. Code 1851, sec. 637. It does not, however, show that he had any title or interest. "A grant to the public is not established by simply showing that a town site has been laid out. The party claiming benefits from the grant must go further, and show the title of the party laying out the town, and thus undertaking to make the grant." *Porter v. Stone*, 51 Iowa, 373. The present case is governed by the principle applied in that. There was no evidence of such user by the public of the portion of the street in question as to establish the highway by prescription. The judgment must be affirmed on this ground, and it is unnecessary to go into other questions argued by counsel.

AFFIRMED.