No. 1,105.

## CITY OF LAWRENCEBURGH *v.* WESLER.

EVIDENCE.—*Real Estate. — Title. — Possession.—Street.—Dedication.— Plat.—Presumption.*—A mere showing that some one, not proved to be the owner, has placed on record a map or plat in which a street or highway is laid off, will raise no presumption against a party in possession, who has proved title in himself, coupled with possession for more than twenty years. Such plat, taken by itself, and without evidence of ownership by the donor, is of no value as tending to establish a dedication.

HIGHWAY.—*Street.—Abandonment.—Nonuser.—Failure to Keep in Repair.*—The failure of municipal authorities to keep a street in repair, or the mere nonuser of a portion or all of such street by the public for a considerable time, will not authorize an inference of abandonment.

SAME.—*Street.—How Vacated.*—The only way by which a street can be lawfully abandoned is by a proceeding to vacate the same.

SAME.—*Occupancy.—Estoppel.*—The mere occupancy of a street by an individual, without objection by the municipal authorities, creates no estoppel.

From the Switzerland Circuit Court.

*W. N. Hauck* and *J. K. Thompson,* for appellant.
*W. R. Johnston* and *F. B. Shutts,* for appellee.

REINHARD, J.—The appellee is the owner of lots five, six, seven, and eight in the city of Lawrenceburgh, fronting on or near the Ohio river, on which he conducted

the business of a coal dealer, receiving his supplies from barges landing in front of his lots on said river, and selling and delivering at retail to his customers in the city. He brought this action against the appellant, in the Dearborn Circuit Court, to recover damages for an alleged taking, for levee purposes, of portions of said lots, and for consequential damages to the remainder thereof and to his business connected therewith.

The venue of the cause was changed to the court below, where, upon issues joined, and a trial by jury, a verdict was returned for the appellee in the sum of $1,-050, for which amount the court rendered judgment. Amongst other errors assigned and discussed is the alleged error of overruling the appellant's motion for a new trial, in which motion the appellant has assigned, as causes therefor, the giving of certain instructions and the refusal to give others. In order to see the applicability of the instructions given to the facts in the case, it will be well to notice some of the evidence introduced upon the subject to which they relate.

The appellee, to establish his title to the property alleged to have been damaged, introduced in evidence certain deeds to lots numbered 5, 6, 7 and 8, and thereby proved the ownership and possession of parts of such lots in himself and grantors since 1869, and other parts since 1880. These lots are situated in the south part of the city of Lawrenceburgh, and run south from New street to a strip of ground fronting on the Ohio river.

The appellee also introduced certain deeds and other evidence of title and possession of the strip of ground lying in front of lots 5, 6, 7, 8, 9, 10, 11 and 12, and between such lots and the Ohio river, since the year 1870, or more than twenty years before the beginning of the present action. It will be seen, therefore, that the appellee claimed the title to all the property lying south

of New street to the Ohio river, between the east and west boundaries of his lots, numbered as above, and all the land south of lots 9, 10, 11 and 12, as far as said river.

The appellant did not dispute the appellee's title to lots 5, 6, 7 and 8, as claimed by appellee, but denied that appellee owned any property south of any of said lots, which gave him a right of action against the city for the taking thereof. It was the contention of the appellant that all the ground south of appellee's lots was occupied and used by the city for a street and a common; that said street running east and west along the southern boundary of appellee's lots, and the alleged common south of said street and next to the river, had been dedicated to the public as such by one Samuel C. Vance, in the year 1812, and had been accepted and used as such since that time.

The alleged wrongful act of the appellant, by which the appellee claims to have been damaged, was the construction of a certain embankment across the appellee's lots, east and west, at points north of said alleged Front street, and north, also, of the appellee's coal yard, office, scales and elevator frame. East of appellee's lots, and forming the east line thereof, is Vine street, running north from the river, and west of said lots, and forming the west line thereof is Mary street running in the same direction. These streets, it is asserted by the appellee, furnished him an outlet for the delivery of his coal to his customers in the city of Lawrenceburgh, and that by reason of the embankment constructed, as above mentioned, the egress from, and ingress to, his coal yard and business, by way of said streets and otherwise, has been entirely cut off and destroyed, and the said property and business rendered valueless.

The appellant insists, however, that the appellee still

has a sufficient outlet from, and inlet to, his plant, over at least one of said streets, and that his property has consequently sustained but little, if any, deterioration in value. It is the further claim of the city that the appellee's elevator frame, the loss of which the jury were asked to consider as an item of damage, was situated, in whole or in part, upon the strip of ground over which Front street ran, and the corner of an alley between two of appellee's lots, where said alley crosses said Front street. It was, and is, the contention of appellant, that if the appellee's elevator frame was in fact located on said street and alley, in whole or in part, no damage could be recovered by the appellee for that portion of the structure which stood on said street and alley.

This position is not disputed by the appellee, his only contention in connection with this point being that there was neither street nor alley at the place upon which the elevator was being placed, but that said frame stood wholly upon his property.

To sustain its claim as to the existence of Front street and the common, the appellant introduced in evidence a paper purporting to be a certified copy of a plat made by one Samuel C. Vance in the year 1812, and recorded long before the appellee claims to have been the owner of any of the property in controversy. On this plat a strip of ground south of appellee's lots and running east and west is laid off and designated as "Front street," and all the ground south of said street and between it and the Ohio river is laid off and designated as "common." There was no evidence that Samuel C. Vance was then, or at any time before the alleged making of said plat, the owner of said land, or that he was in possession of the same under claim of title. It is proper to note here, however, that one of the deeds of the appellee, under which he claims title, and which is dated May 4,

City of Lawrenceburgh *v.* Wesler.

1870, purports to have been executed by Samuel C. Vance and others, but whether this grantor is the same Samuel C. Vance who executed said alleged plat, is not made to appear. The appellant also introduced parol testimony tending to prove the existence of the common, and that Front street had been used and traveled by the public, both before and since the appellee came in possession. This testimony was stoutly controverted by a number of appellee's witnesses who testified that at no time within their recollection, which extended as far back as that of the appellant's witnesses, had they ever heard or seen any indication of any such street or common. The appellee also contends, as a result of the evidence, that if Front street or the alleged common ever had an existence, as claimed by appellant, they have long since been washed into the river; and that the banks of the latter now extend as far north as the south line of his lots. It must be confessed that as the depth of the appellee's lots are not given in the deeds, and there is no satisfactory evidence as to the same, it is a matter of much difficulty to ascertain the exact truth as to this contention.

The following diagram will serve to illustrate the location of the premises over which the dispute arises, and the situation south of the lots as contended by the appellant: (For diagram, see p. 158.)

Having stated this much of the evidence and the matters in controversy, we proceed to determine the correctness of the instructions complained of.

Instruction No. 5 is as follows:

"5. Although a certified copy of a copy of the second or substituted plat of the city of Lawrenceburgh was admitted in evidence, I think that it is not sufficient of itself to show a dedication of the strip of land next to the levee to the city, the public, or to any person. It is not shown by any evidence that the proprietor, whoever he

City of Lawrenceburgh v. Wesler.

may have been, was the owner of that part of the land, without which evidence, as against the plaintiff, there is no dedication of such strips of ground.''

Assuming that the paper was sufficiently authenticated as a certified copy of the record of the original plat, the question raised by the instruction is whether such plat constitutes *prima facie* evidence of a dedication in the absence of some testimony of ownership in the alleged proprietor or donor.

The appellee, as we have seen, had introduced evidence tending to show title and possession in himself and grantors for more than twenty years.   To overcome this proof it could have been proper only to show an older or better title in the appellant.   It is not disputed that proof of a dedication prior to the appellee's title would have been proper, but the infirmity of such proof here consists in the failure to connect the alleged donor with the dedication as the owner of the property at that time.   It is true that there was some evidence which tended to show that the ground had been used by the public for a street and common, but this would not supply the requisite evidence of ownership in the donor, if the plat alone was to furnish the evidence of appellant's title, which is the theory of the instruction.

While a dedication may be established by user alone, in that case the dedication would have no connection with any plat, and may be said to be an implied dedication, which is a different thing from one expressly made by means of a plat or other conveyance.   In the case of an implied dedication, established by evidence of user alone, the plat can not be considered as the basis of such dedication.   For these reasons we think the court correctly instructed the jury that such plat alone was not sufficient to establish the existence of the street or common.

The appellant relies upon the case of *Town of Fowler*
v. *Linguist* (Ind. Supr.), 37 N. E. Rep. 113, decided by
the Supreme Court at a recent sitting, as an authority to
support its position that the plat introduced was *prima
facie* evidence of a dedication. That was an action
against the town for damages for a personal injury caused
by an obstruction in a street. To establish the existence
of the street, a plat was introduced purporting to contain
a dedication of the ground for a street. There was evi-
dence showing that the street had been used as such con-
tinuously ever since the making of the plat, with the
exception of a short time. The court held that as be-
tween the parties to that action the plat was *prima facie*
evidence of ownership in the donor, and of his intention
to so donate the ground. There was no dispute of the
ownership of the property when platted, and the ques-
tion of title was at most but a very remote one. The use of
the street by the public alone might be sufficient to raise
a presumption of a dedication, so that the municipal au-
thorities might be compelled afterwards to maintain the
street as such. In that case there was no controversy
between the plaintiff and the defendant as to which of
them was the owner, and it was only necessary or proper
to show that there was a street which the city was bound
to maintain.

In the case before us, ownership was of the essence of
importance. It was asserted by the appellee and denied
by the appellant. To defeat such ownership, after the
same was once established, it devolved upon the appel-
lant to show that it, or some person other than the ap-
pellee, was the owner at the time of the injury com-
plained of. This it had a right to do by evidence of a
dedication of the property by some rightful owner prior
to the time the appellee had acquired title. But it was
required to show that the dedication was by the owner;

City of Lawrenceburgh *v.* Wesler.

and proof of dedication by any person who styled himself "proprietor" on the plat, is not sufficient.    Had an acceptance and uninterrupted use by the public been established the case might be different.    We grant that if Samuel C. Vance, or any one claiming under him, were asserting title here, instead of the appellee, such a claim could not be sustained, for as to any such person the city could successfully rely upon an estoppel.    But here we have not a scintilla of proof that Vance was then the owner, or (save that he signed the plat as proprietor) that he ever asserted any title.    Dedication is like any other source of title; it must be shown to come from or through the owner of the property.    As well might the appellant rely upon a deed from some person not now claiming the ground in dispute, and who is not shown to have been the owner at any time, as to claim title by dedication from some one not shown to have owned the property.    If the owner is proved to have platted the ground on which the alleged street is situate, or has done other acts showing a dedication, such as selling lots with reference to the plat on which the street is laid out, or by accepting a plat made to show such street, it will be sufficient evidence of dedication.    Elliott's Roads and Streets, p. 129.

But the mere showing that some one, not proved to be the owner, had placed on record a map or plat in which a street or highway is laid off, will raise no presumption against a party in possession who has proved title in himself, coupled with possession for more than twenty years.

It is our opinion, therefore, that the court committed no error in giving this instruction.

The sixth and seventh instructions given by the court at the request of the appellee, read as follows:

Vol. 10—11

"6. The owner of a town or city lot abutting upon a public street or alley is also the owner of the land opposite his lot to the center of such street or alley, subject only to the right of the public to the use of such street or alley as and for a public highway. A street, or a part of a street, may be abandoned by the town or city with the acquiescence of the citizens thereof, for such length of time as to cease to be a public street, and when it thus ceases to be a public street, the owner of the abutting lot becomes the absolute owner of the street to the center. If, in this case, the plaintiff is, and was, at the commencement of this action, the owner of lot number six, mentioned in his complaint, and said lot abutted upon Front street, or what was once Front street, and that part of Front street abutting said lot had been abandoned so that the same had ceased to be a public street, then the plaintiff had a right to erect his elevator as far out from the line of said lot as the center of said street."

"7. Whether said Front street had been abandoned so as to cease to be a public street, is a question of fact for the jury to determine, and in determining that question, the jury may consider the fact that said street has not been worked and kept in repair by the public, if that fact is proven, whether or not it is now so marked upon the surface of the ground as to be recognized as a public street, whether there are indications of its having been used, whether in fact it is used by the public generally, its present beginning and termination, if there is any evidence upon these points, together with all other evidence bearing upon that question. The mere fact that such street may be designated upon a map or plat of the city is not, of itself, conclusive evidence of the existence of such street at this time."

These instructions are vigorously assailed by the appellant's counsel, and as earnestly and ably defended by

City of Lawrenceburgh *v.* Wesler.

counsel for the appellee. The importance of the question involved, no less than our high regard for the opinions of the learned and usually accurate judge who presided at the trial, has prompted us to give such question much careful consideration, but an examination of the authorities has convinced us that the doctrine enunciated in the instructions can not be upheld. That which we regard as the fundamental error underlying the instructions, is the assumption that proof of a failure on the part of the authorities to keep a street in repair, or of the mere nonuser of a portion or all of such street by the public for a considerable time will authorize a jury to infer an abandonment.

While there are in the books some general expressions to the effect that an abandonment of a highway may be proved by facts showing a nonuser for a long time, such statements must be considered with certain qualifications as to conditions which have no existence here. That there may be instances in which, by the acquiescence of the public along the line of a highway, in its occupancy and the erection of improvements thereon, an estoppel may be created, must be conceded. *Hamilton* v. *State*, 106 Ind. 361; *Louisville, etc., R. W. Co.* v. *Shanklin*, 98 Ind. 573.

And there is likewise good authority in support of the doctrine that a public highway, other than a street or alley in a city or town, which has been created by implied dedication, may be abandoned by the public; and the same rule may be applied to a public square, and perhaps a common in a city or town. *Town of Freedom* v. *Norris*, 128 Ind. 377.

But there is no element of estoppel in the present case, nor does the doctrine of abandonment of ordinary easements apply to streets or alleys. Certainly the mere occupancy of a street by an individual, without objection

by the municipal authorities, creates no estoppel. In the case at bar, the only building or structure or improvement of any kind erected upon what is claimed to be Front street, and the alley crossing it, was the appellee's elevator, and even this, according to the appellee's own testimony, was placed there as recently as the year 1889, and is not yet completed, and, hence, even if the building of the elevator could be construed as a claim under adverse possession, it would not be barred by the statute of limitations.

The streets of a city or town are public highways, and, under our system of government, they belong to the people of the municipality. Such streets may be established by grant or dedication, express or implied.

"Once a highway, always a highway," was a maxim of the common law, and it applies with peculiar force to the streets of cities and towns. The control of such streets, and their improvement and maintenance, are among the governmental functions of the municipal officers. These can not, by their failure to discharge the duties devolving upon them, deprive the public, whose servants and agents they are, of its right to the use of such streets, nor will the mere failure to use the same by the public be treated as abandonment, even though such nonuser extend over the entire period covered by the statute of limitations applicable in cases of adverse possession. *Wolfe* v. *Town of Sullivan*, 133 Ind. 331; *Cheek* v. *City of Aurora*, 92 Ind. 107; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Brooks* v. *Riding*, 46 Ind. 15.

It is not altogether certain that the plat introduced in evidence, when taken in connection with the testimony showing that the street had been used as such, is entirely without probative force. Taken by itself and without evidence of ownership by the donor, it is of no value as tending to establish a dedication. But when considered

City of Lawrenceburgh *v.* Wesler.

with the proof of user and the circumstance that Samuel C. Vance was a grantor through whom the appellee claims title, the jury was not without some evidence of express dedication and acceptance. The jury had the right to determine, from the evidence, whether there had been a dedication of Front street, either expressly or by implication, and if they found that it had not been so dedicated or accepted, the ground belonged to the appellee and he would be entitled to recover his damages on account of the elevator, as well as the other property. But if they found that Front street and the alley crossing the same had a real existence among the streets and alleys of the city of Lawrenceburgh, then whatever rights the appellee had in the soil of such street was subject to the easement of the public, and he had no right to erect his elevator thereon, and can recover no damages for being deprived of the use of the same in the place where it is erected.

There was, in our opinion, no evidence which would justify the jury in deciding that there had been an abandonment of Front street, provided it ever had an existence. There was but one way in which such street could have been lawfully abandoned, in our view, and that was by a proceeding to vacate the same.

There being no special verdict in this case nor answers to interrogatories, we are unable to determine how much, if any, allowance the jury made to the appellee on account of the elevator, and hence the only course that is left us to remedy the error committed by the giving of the instructions is to direct a new trial.

Other errors assigned and discussed need not now be considered.

Judgment reversed.

Filed May 29, 1894.