JAMES DE NEFE AND CAROLINE HARDSOCG v. TOWN OF AGENCY CITY, IOWA, ET AL., Appellants.

**Streets:** DEDICATION. The filing of a town plat in connection with a petition for incorporation of the town does not establish a dedication to the public of a street in an addition thereto.

**Same:** ABANDONMENT. In this action to restrain defendants from opening a street, the evidence is held to show an abandonment of the same for more than twenty years.

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, JULY 1, 1909.

SUIT in equity to restrain the defendants from opening an alleged street. Judgment for the plaintiffs. The defendants appeal.—*Affirmed.*

*W. W. Epps,* for appellants.

*Smith & Lewis,* for appellees.

SHERWIN, J.—Ann Street is a north and south street in the defendant town, and North Street is an east and west street intersecting Ann Street north of the old roadbed and right of way of the Chicago, Burlington & Quincy Railroad, the general direction of which at the place in question is northwest and southeast. This old road crosses what would be an extension of North Street about two blocks west of Ann Street. The plaintiffs are the owners of all of the property north of this old road on both sides of North Street west of Ann Street. About a year before they commenced this action, they erected a fence in the center of North Street east to Ann Street, or nearly so, and, upon the threat of the defendant town to remove such fence as an obstruction to North Street, this suit was commenced to enjoin the town from so doing. The plaintiffs claim: That from Ann Street west there was never any street dedicated to the public by plat or otherwise; that they have held adverse possession of the land for more than twenty years; that, if any street ever existed there, it was properly vacated by them before the fence in question was built; and, lastly, that the town is estopped from claiming or asserting any right to said strip of ground. Agency City was incorporated in 1859, and since that time, until about four years before this suit was commenced, the railroad right of way heretofore referred to was maintained as such, and during that time it was fenced on both sides, so that the strip of ground in question, or the so-called North Street west of Ann Street, would be a cul-de-sac, even if open west of Ann Street to the right of way. The evidence conclusively shows that for more than twenty-five years a fence had existed clear across the strip in question at a point some distance east of the right of way, and it is well established that for twenty years or more a fence had been maintained across said strip at a point a little over one hundred feet west of Ann Street, and that the land so inclosed was cultivated.

It is also satisfactorily shown that east of the last-mentioned fence the strip had been used as a wood and house yard by the plaintiff De Nefe.

The plaintiffs have been the owners of the abutting lands for more than twenty years, and it is proven that during said time there has been no public use of the strip in question, nor any necessity therefor, nor is there now any occasion for opening it as a street. There is but one house on the entire tract in question, and that is owned by the plaintiff De Nefe. Two additions to the town are involved. One is known as "Ingram's and Ramsey's," through which Ann Street runs, and which extends west thereof but a short distance, and the other as "Ramsey's," which is still west of Ingram's and Ramsey's, and which covers most of the disputed strip. The only attempt to show a dedication to the public of either of these additions is to be found in a plat of the incorporated town filed with a petition for incorporation in 1859. This does not show a grant to the public of the street in question and is insufficient to show a dedication thereof for public use. *Porter v. Stone,* 51 Iowa, 373; *Town of Edenville v. Railroad Co.,* 77 Iowa, 69. If there had ever been a street there, an abandonment of the same twenty years ago is clearly shown. Furthermore, we think the plaintiffs could vacate, as they attempted to do, by filing a written declaration thereof under the provisions of sections 918 and 919 of the Code. We need not determine the question, however, for we think the plaintiffs entitled to relief on the other grounds discussed.

The judgment is right, and it is therefore *affirmed.*