### GLADEWATER LUMBER & SUPPLY CO.
### et al. v. CITY OF GLADEWATER.
### No. 4736.

Court of Civil Appeals of Texas. Texarkana.
Oct. 17, 1935.

Rehearing Denied Oct. 24, 1935.

Taylor, Storey & Dotson and Hatchell & Campbell, all of Longview, for appellants.

S. C. Harris, of Gladewater, Bramlette & Levy and Campbell & Leak, all of Longview, for appellee.

SELLERS, Justice:

This suit was brought by the city of Gladewater against the Gladewater Lumber & Supply Company and others to enforce by injunction the removal of certain buildings belonging to defendants from one of plaintiff's streets and to permanently enjoin the defendants from in any manner interfering with the plaintiff in the exercise of its right and duty to open up and maintain said street as a public street in the city of Gladewater. As grounds for the relief sought, plaintiff alleged:

"That the following described tract of land situated within the corporate limits of the City of Gladewater, Texas, is a public street and has heretofore been dedicated as such in that Anderson White and Malinda White on January 16, 1873, by deed of that date from said parties to the Texas & Pacific Railway Company, and others, dedicated said tract of land as a public street in the town of Gladewater, said deed being recorded in Vol. P, page 233, of the Deed Records of Upshur County, Texas, and the defendants are hereby notified that a certified copy of said deed will be offered in evidence upon the trial of this cause; * * * that thereafter a plat of the City of Gladewater, Gregg County, Texas, was filed for record in the office of the County Clerk of Gregg County, Texas, and that said plat is now recorded in Vol. A, page 3, of the Deed Records of Gregg County, Texas, and the defendants are hereby notified that said record, or a certified copy thereof, will be offered in evidence upon the trial of this cause. That in said plat said property hereinafter described was designated and dedicated as a street in the City of Gladewater, Gregg County, Texas. * * *

"That said property is now and always has been since the recordation of said deed and said plat a public street within the City of Gladewater, Texas. That the owners of said property who made said dedication have sold lots in said Block Five to various and sundry persons. * * *

"This plaintiff would further show to the court that said street was, after its dedication aforesaid, opened up and used by the public and by the City of Gladewater and that the City of Gladewater and the citizens thereof are now entitled to use and enjoy said property as a public street.

"This plaintiff would further show to the court that the defendants have entered upon said street, taken possession thereof, and have erected certain buildings thereupon and are now occupying the same, all without any lawful authority or right and over the protest of this plaintiff. That this plaintiff has often demanded that the defendants remove said buildings from said street and that the defendants and each of them have failed and refused and still fail and refuse to remove said buildings from said street; that such buildings and the defendants occupancy thereof constitutes an obstruction in said public street of the City of Gladewater, and such use and occupancy by the defendants deprives the City of Gladewater of its right to use and possess said street as a street, and deprives the citizens of the City of Gladewater of the right to so use and occupy said street, and that the acts of the defendants, and each and all of them, caused irreparable damage to the City of Gladewater and the inhabitants thereof.

"Wherefore, premises considered, this plaintiff prays, the defendants having heretofore been cited in this cause, that upon final hearing it have judgment against each and all of the defendants and that this Court issue a permanent writ of injunction commanding and requiring the defendants and each of them to remove their respective properties from the above described tract of land, and restraining said defendants from in any manner interfering with the said City of Gladewater in the exercise of its right and duty to open up and maintain said tract of land as a public street within the said City of Gladewater. * * *"

To this petition the defendants entered a general denial and specially denied the land involved had ever been dedicated as a public street. At the conclusion of the evidence, the court instructed a verdict in favor of plaintiff and rendered judgment requiring defendants to remove their build-

ings from the strip of land, and permanently enjoined defendants from in any way interfering with the city's use of the property as a public street. From this judgment, the defendants have duly prosecuted this appeal.

The issues being thus joined, it is the contention of appellants that appellee has wholly failed to show a dedication of the property for street purposes in that there is no evidence that Anderson White and Malinda White, the dedicators, had title to the land when it was dedicated. We think this contention must be sustained. The appellee has based its claim to the land occupied by appellants solely on the ground that it has been dedicated as a public street. It seems to be a well-established rule of law that where a party's rights depend upon a dedication of property, it is necessary to prove, not only a dedication, but the proof must go further and show that the dedicators had title to the property at the time it was dedicated; and this, it seems, was not done in this case. Abbott, Municipal Corporation, vol. 2, § 726, p. 1727; 18 C. J. § 104, p. 94. A case very similar to the one under consideration is that of Porter v. Stone, 51 Iowa, 373, 1 N. W. 601, 602, and it was there held: "The party who lays out a town-site, the effect of which under the chapter above referred is to donate to the public the streets, alleys and public grounds, must of necessity have some title to the property to be affected by his act. A grant to the public is not established by simply showing that a town-site had been laid out. The party claiming benefits from the grant must go further, and show the title of the party laying out the town and thus undertaking to make the grant."

Other cases upholding the view expressed are: City of Lawrenceburgh v. Wesler, 10 Ind. App. 153, 37 N. E. 956; Town of Edenville v. Chicago, M. & St. P. Ry. Co., 77 Iowa, 69, 41 N. W. 568.

As we understand appellee's contention with reference to the above proposition, it is that the title to the land is not involved, and therefore the above rule does not apply. Whether the title to the land is involved or not, appellee has seen fit to base its claim to the land and the relief sought solely on the ground that it had been dedicated as a public street. This was denied by appellant, and under such plea appellee would not be entitled to

judgment for the relief sought until it established a valid dedication.

After a careful consideration, the other assignments are believed to be without merit and are overruled.

The judgment of the trial court is reversed and the cause remanded.