**STANGLIN v. LOVING et al.**

No. 12352.

Court of Civil Appeals of Texas. Dallas.

April 23, 1938.

Rehearing Denied May 21, 1938.

Barnie Cantrell, of Dallas, for appellant.

Ross M. Scott, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from the judgment of the trial court compelling appellant, E. H. Stanglin, by mandatory injunction, to remove certain obstructions, wire and posts, which he placed across a private roadway leading from a county highway to appellees' properties, across appellant's land, in violation of appellees' right of egress and ingress. Appellant owns the land at the point where the obstructions were placed, and for more than 50 years appellees and their predecessors in title have had the free and uninterrupted use of the way, in going to and from their properties, located below that of appellant. There has been no other road reasonably accessible to any of them, their lands being entirely surrounded by other private lands.

The only question subject to inquiry is whether or not the evidence is sufficient to sustain appellees' right to the use of the roadway, on the sole ground that they have acquired an easement by prescription. There is no evidence of any express grant and no implied grant as a way of necessity, and there is no positive evidence that the use of the road by the public and adjacent landowners was adverse to appellant; only an inference may be drawn from the circumstances of the manner of the use of the roadway.

The evidence shows that the roadway in question has been open and notoriously used by the public for approximately 50 years; at the beginning, a Mr. Lyon owned all of the land over which the road in question extended, and from time to time, various tracts of land, adjacent to and served by such roadway, were sold with reference to and on representations of such road being open for the use of the public and the adjacent landowners. The evidence further shows that, for more than 30 years, the northern portion of the roadway owned by a Mr. Anderson has been fenced on both sides, and dedicated by the owner to the public as a thoroughfare, and to the owners and occupiers of the lower lands, including that of appellant, appellees, and their predecessors in title, as an outlet to their properties; and that the entire roadway has been worked periodically by adjacent landowners and their tenants, and by Dallas county road force with county tools, graders, and tractors, with the knowledge, acquiescence, and consent of all the

adjacent property owners. The roadway has been the only means of egress and ingress alike for appellant and appellees, their predecessors and tenants, continually for the past 50 years.

■■ The right to use another's property as a private or public thoroughfare may be acquired by prescription, but, in order to do so, it is necessary to show that an uninterrupted use of the way has been made under an adverse claim of right, for the statutory period of limitation. The use must be with the actual or implied knowledge of the owner, adversely, under claim or color of right, and not merely by the owner's permission. Ladies' Benev. Soc. v. Magnolia Cemetery Co., Tex.Com.App., 288 S. W. 812; Phillips v. Texas & P. Ry. Co., Tex.Com.App., 296 S.W. 877. This adverse claim of right, like any other fact necessary to be proven in any other civil suit, may be proved by circumstantial evidence sufficient to sustain such conclusion. Hall v. Austin, 20 Tex.Civ.App. 59, 48 S.W. 53; Texas & P. Ry. Co. v. Gaines, Tex. Civ.App., 27 S.W. 266.

■ We think the circumstances of the use of the way, in the instant case, justify the conclusion that such use was adverse to appellant under a claim of right, and that an easement by prescription exists over appellant's land, and that appellant's encroachment thereon, by obstructing appellees' passage thereover, warranted the trial court in the exercise of its discretion to order the opening of the roadway by writ of mandamus. Judgment is affirmed.

Affirmed.

YOUNG, J., did not sit.