JOHNSON et al. v. KRIEG et ux.

No. 9389.

Court of Civil Appeals of Texas. Austin.

Oct. 13, 1943.

Rehearing Denied Nov. 3, 1943.

Charles M. Kennedy, Acting Co. Atty., W. Wroe Owens, Wm. Yelderman, and Coleman Gay, all of Austin, for appellants.

Samuel Peterson, of San Antonio, and David C. Gracy, of Austin, for appellees.

BLAIR, Justice.

Suit by appellees, Herman A. Krieg and wife, to restrain appellant August A. Johnson from using a road across their land, and against the members of the Commissioners' Court of Travis County to declare void an order designating it as a public road. Trying the case without a jury the court held the evidence did not establish the road either by prescription or implied dedication as claimed by appellant Johnson, and that the order of the Commissioners' Court was void, because made without notice. Judgment was accordingly rendered for appellees as prayed, which judgment we affirm.

At the request of appellants, the trial court filed findings of fact and conclusions of law. The first four points quote three excerpts from these findings of fact, and contend that the court erred in concluding therefrom that the use of the road by Johnson and his tenants and the public generally was not sufficiently adverse to appellees and their predecessors in title to establish the road over the land by prescription. The fifth point asserts that the court erred "in holding that there had been no implied dedication of the road." The sixth and remaining point states that the court erred in holding that appellees "had the right to close the road and prevent the public from traveling thereon." This is without merit if the trial court correctly held that the evidence did not establish the road either by prescription or implied dedication. By their supplemental or reply brief appellants state, however, that appellees made no objections to the findings of fact nor requested any additional findings, and that "appellants are not complaining of any specific findings of fact made by the trial court; their only complaint is that the trial court drew some erroneous conclusions from the specific facts which he found." The effect of all points is to contend that the facts found by the court were not sufficient to sustain the conclusions that the road was not established either by prescription or implied dedication. The contentions are not sustained.

The ultimate facts found by the court are in substance as follows:

The road involved is 12 feet wide across the farm of appellees and extends from the Austin-Elgin Highway on the south to the north line of appellees' farm. This farm and appellant Johnson's farm were orig- inally the John Maresh farm, whose dwelling and other improvements are those now occupied by appellees. In 1900 Maresh built the residence and improvements approximately where Johnson's are now located, which were occupied by Maresh's son until Johnson purchased this part of the Maresh farm in 1909, and Johnson or his tenants have continuously occupied the portion purchased by him, and the road in question was used by Maresh's son in going to and from the house; and although the road was never necessary to furnish Johnson an outlet to the public road, it has been customarily used by him and his tenants and the public in going to and from what is now the Johnson farm, which is practically all of the use now made of the road.

The Krueger farm adjoins Johnson's farm on the north; and there is another farm north of the Krueger farm which is bounded on the north by a public road. From an early day, approximately 50 years, there were turn-rows on these four farms whereby a person could travel from one farmyard to another, and thus make his way across them all from the road on the north to the highway on the south. After Johnson moved on his farm in 1911, he built a road extending east from his house to the County Line Road, thereby making it possible to go from the Austin-Elgin Highway to the County Line Road across the farms of appellees and Johnson. The road or turn-row north on Johnson's farm was used by all parties and the public until several years ago when Krueger moved his farmyard and Johnson plowed up the turn-row from his farmyard to his north line, thus leaving the portion of the road in controversy, which has been used for approximately 50 years as a way across the farm of appellees by them, Johnson and the public, without any apparent restriction, although in recent years the road has been used largely by Johnson and his tenants and the public desiring to go to his farm. The "road has never been necessary in order to furnish an outlet" to Johnson to the public road, he having another road east of practically the same distance to the public road. The road over appellees' land was through the peach orchard and through the barnyard between the dwelling house and barn. The road was used more extensively a number of years ago before the public road was improved; but since the improvement of the public road the

travel over the road in question has been almost entirely limited to use by Johnson and his tenants and the public going to his farm. Appellees used the road occasionally in going to the Johnson farm.

The specific findings from which appellants contend that the court erroneously concluded that there was no adverse use or implied dedication are (1) that "no one traveling it ever informed plaintiffs or their predecessors in title that the road was being used as of right"; (2) "that the use of such roadway by the defendant Johnson or his tenants or persons going to and from his house or by other members of the public was not of such a nature as reasonably to indicate a claim by any of them that he had a right to use such roadway adversely to or without the consent, expressed or implied, of the owner of the farm"; and (3) "that all of the use of the road by the defendant Johnson and the public was consistent with a friendly sharing of the road by plaintiffs and the other owners of the plaintiffs' farm with their neighbors, and that there was no public user which was hostile to or inconsistent with the individual rights of such owners."

No fence was maintained by appellees and their predecessors in title at the place where the road entered their farm from the highway. The roadway was not fenced at any place. On numerous occasions appellant Johnson dragged the road, but it was never worked by the county authorities prior to the time appellees notified appellant to cease using the road, in March, 1942. Whatever use was made of the road by neighboring farmers and members of the public generally, appellees used it in the same manner, and no person using the road ever expressed or informed appellees or their predecessors in title of any right to use the road, or ever made any such use of it as would indicate a claim of right to use it adversely to, or without the consent, expressed or implied, of the owners of the farm.

From the foregoing findings of ultimate controlling facts, the trial court, trying the case without a jury, had the right to conclude that no easement or road was established over appellees' land either by prescription or implied dedication. At most, the facts found raised only a question of fact, which the court, trying the case without a jury, determined against appellants. The evidence of user of the road relied upon to establish it either by prescription or by implied dedication was the same. The fact that a County Commissioner "considered it to be a public road or neighborhood road," and the fact that the Commissioners' Court entered a void order declaring it to be a public road were merely evidentiary matters which the court could consider along with all of the facts found by it to determine whether the road in fact existed by prescription or implied dedication. The facts found bring the case within the facts and rule of the case of Heilbron v. St. Louis S. W. R. Co., 52 Tex.Civ.App. 575, 113 S.W. 610, 613, which are as follows: "The testimony tended to show that this old road was merely a neighborhood road; that it had never been worked as a public road, and no authority was exercised over it by the municipal government; that it had been there since about 1881; that it was traveled by any one who wanted to do so; and that no objection was ever made to its use. It is further shown that the railway property was not fenced at that point. * * * There is nothing to indicate that it was more than a neighborhood passway, and used as a matter of convenience merely by the inhabitants of that particular locality."

Entirely similar facts to those in the instant case were held not to show adverse or hostile user of a roadway across land so as to establish a public road by prescription, in the case of Weber v. Chaney, Tex.Civ.App., 5 S.W.2d 213, 214, writ refused. The facts upon which the court based its conclusion in the Weber case that the user was not adverse or hostile are as follows: "It is true, as appellant contends, that the evidence shows the roadway in controversy has been used more than 10 years by appellee and his neighbors, including appellant, without any apparent restrictions as to the character or extent of that use. Appellee never objected to such use, which was open and known to him, of course. His neighbors used the road just as he did, and with apparently just as much freedom. So far as the record shows, the question of their right to use the road, with or without his permission, acquiescence, or objection, seems never to have been raised. No one asked permission of him to use the road, he expressed no objection, had no objection, to such use, and himself used it just as his neighbors did. He put in and maintained gates where the road entered and

left his farm, and his neighbors and others using the road helped him maintain this bar to absolute free passage by themselves closing the gates after using them. No one ever claimed or asserted any right to the use of the road in derogation of appellee's right to close it to public use when and if he chose to do so. The idea of adverse claim or right of user seems to have never occurred to any one except to appellant, who alone would be directly benefited by the opening of the road to public travel. The record would seem to warrant the inference that appellant alone is particularly interested in opening the road, which affords a short cut from one of his properties to another; that the general public would not be particularly benefited, and seems not to be particularly, if at all, interested in the project. There was absolutely no public user which was exclusive, or adverse or hostile in the sense that it was inconsistent with or exclusive of the individual rights of the owner. That user was not affirmatively or actively adverse or hostile to the rights of appellee, and there was nothing in the situation which would have put appellee on notice that his friendly sharing of the road with his neighbors could or would be given the effect of converting that road into a public highway."

These facts are entirely similar to the facts found in the instant case. See also Davis v. Meckel, Tex.Civ.App., 57 S.W.2d 622. The cases there cited overrule the contention of appellants that a public road by prescription is established where it is shown that without objection on the part of the owner "not only persons in the neighborhood, but the general public as well, used said road at will," for a full prescription period.

The court did not, as contended by appellants, conclude alone from the specific findings that "no one traveling it ever informed plaintiffs or their predecessors in title that the road was being used as of right," or from either or all of the three above quoted findings that the road was not established by adverse or hostile claims. The court made complete findings of fact showing the history or origin of the claimed road, the full extent of its use by the public, that the owners never objected to such use, as well as of all circumstances as to the location of the road as connected with the use and possession of the land by the owners. In holding or concluding that the user was not adverse or hostile so as to establish the road by prescription, the court applied the settled rule cited by appellants, that "this adverse claim of right, like any other fact necessary to be proven in any other civil suit, may be proved by circumstantial evidence sufficient to sustain such conclusion." Stanglin v. Loving, Tex.Civ.App., 116 S.W.2d 798, 799.

The user which appellants claimed to have resulted in the establishment of the road by prescription is also claimed to have resulted in the implied dedication of the road as a public road. In consequence no necessity exists to restate the facts upon which the court concluded that the road had not been established by implied dedication. At most, the evidence merely raised a question of fact as to whether the road had been impliedly dedicated, and which fact the court, trying the case without a jury, determined against appellants. The facts that the road was only 12 feet wide was partly used by the owners as a turn-row; that it ran through their peach orchard and between their house and barn; that it had never been fenced, and to do so would cut the farm in two, and that it had never been worked by the public authorities or the public, were manifestly facts and circumstances from which the trial court could reasonably conclude that the owners under all of the facts found had not impliedly dedicated the road as a public road. See 14 Tex. Jur., 703, § 16, and cases there cited, for a full discussion of the law of dedication.

The judgment of the trial court is affirmed.

Affirmed.