266

## SHATTO v. SCHULTZ et al.
### No. 12190.

Court of Civil Appeals of Texas. Galveston.
: June 15, 1950.

Rehearing Denied July 27, 1950.

G. F. Steger, of Columbus, and Powell, Wirtz & Rauhut, John B. Connally, A. J. Wirtz, all of Austin, for appellant.

Miller & Rutta, Massey, Hodges & Moore, all of Columbus, Philip Gates of Columbus, of counsel, for appellees.

GRAVES, Justice. ·

This appeal is from a judgment of the District Court of Colorado County, sitting without a jury, decreeing—in favor of the appellees herein and against the appellant— that a vacant lot claimed by him and fronting the main business street of the Town of Columbus—that is, Milam Street in the West half of Block 8—constituted a part of a street designated by the court as "New Street", and ordering that it "be and it is hereby established as a public street". ·

No findings of either fact or law were requested by the parties, or filed by the court, but a statement-of-facts has accompanied the record presented here.

In protest on appeal against such action below, the appellant states these points-of-error:

(1) "Judgment should have been rendered for Appellant and denying any relief to Appellees.

(2) "There is no competent and admissible evidence sufficient to show that the owner of the lot * * * dedicated an easement, either public or private, thereon.

(3) "There is no evidence that the lot * * * was ever designated as a public street, or private passageway on any map of record, including official maps of the Town of Columbus, or that the owner conveyed or purchasers bought adjoining property by reference to any map or plat showing the lot * * * as a street.

(4) "The evidence is wholly insufficient to show that the Town of Columbus treated or used the lot * * * as a public street in such manner and for such time as to establish an easement thereon.

(5) "The evidence is wholly insufficient to show use of the lot * * * by the public generally in such manner and for such length of time as to establish an easement thereon for the benefit of the public.

(6) "The evidence is wholly insufficient to show that the Appellees made use of the property in such manner and for such length of time as to establish an easement for a private passageway across the lot.

(7) "The evidence affirmatively shows that the Appellees, including the Town of Columbus and the public generally, used the property in controversy only casually and in a promiscuous manner as they used adjacent lots.

(8) "The evidence is wholly insufficient to negative permissive use of the land or to show an adverse use by the Appellees and the public generally.

(9) "There is no evidence to warrant the establishment of a right-of-way by necessity."

The appellees, in turn, answer with these counterpoints:

(1) "The judgment should be affirmed because the trial court correctly held that the land in controversy was dedicated to public use as a street by Robert Robson.

(2) "The judgment should be affirmed because the trial court correctly held that a private easement had been dedicated in the land in controversy by Robert Robson.

(3) "The judgment should be affirmed because the trial court correctly held that an easement, both public and private, had been created by prescription in the land in controversy."

This is not a trespass-to-try-title suit, nor did any one of the appellees claim any title to the lot involved in themselves; on the contrary, the suit was instituted by Mrs. Bettie Schultz, three other individuals, and the First State Bank of Columbus against Preston K. Shatto, as defendant. Plaintiffs claimed ownership of a number of separate parcels of land out of the west half of Block 8 in the Town of Columbus. They sought to have the vacant lot declared a public street, to be called "New Street". The Town of Columbus, an incorporated town, was originally made a party defendant, under the idea that it had some sort of interest in the property and to have it assert its interest. The Town willingly came in and filed a cross-complaint against defendant

Shatto. By permission of the court, one Laas and two Nesbitts intervened, asserting that they owned parcels of property in the west half of Block 8, and likewise attempting to have the tract in controversy established as a public street.

However, all such plaintiffs made common-cause in seeking to have the lot so claimed by the appellant declared to be and established as a public street, with private easements, also, over the same in themselves, and that appellant be required to remove therefrom all obstructions he had erected thereon; further, that he be perpetually enjoined from thereafter obstructing it or interfering with its use as a street.

On the other hand, the appellant claimed the property under a deed thereto to himself dated August 26, 1948, signed by Mabel Robbins Starr and Edith Mary Starr, which had been duly recorded in the Deed Records of Colorado County, and, at the time of the filing of this suit against him, he was in possession thereof under that deed, having fenced the land soon after its date, claiming it as his own.

So that, such being both the nature of the proceeding and the character of the parties thereto, it became necessary for the appellees to show, since their suit was thus no more in the nature of a condemnation-proceeding than it was a trespass-to-try-title action to recover the land itself, when and how the property had become a claimed-street.

This they sought to do by showing: (1) That it had become a public street of the town through a dedication of it as such by its original owner, one Robert Robson; (2) that it had become so by prescription, growing out of long use of it by the public in general as a street; and (3) that, by reason of the niche it had filled in the development and growth of the town, it had become "a way of necessity for themselves".

In the state of the record, this court fails to find sufficient evidence in support of any one of the three relied-upon grounds, upon which the judgment may have been based, and in response to which the court could properly so "establish" this property—thus

held by an apparently private owner—as a public street; in other words, it is held that the evidence so adduced by the appellees failed to establish that any such easement as they declared upon had been acquired, either by dedication or prescription.

Upon the contrary, the body of the evidence, as a whole, not only sustains the other points-of-error so presented here by the appellant, but especially his quoted seventh one, that the use of this property, either by the individual appellees, the Town of Columbus, or the public generally, had ever been more than such casual and promiscuous use thereof as had been made of adjacent vacant lots elsewhere in the town generally.

█ Our authorities have long held that, to constitute a dedication of a street, or of a private way, it must be shown that the owner made and exhibited a map or plat of the ground designated as a street, or alley, and that lots were sold with clear reference to it. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; City of Pearsall v. Crawford, Tex.Civ.App., 213 S.W. 327; City of Houston v. Cyrus W. Scott Mfg. Co., Tex.Civ.App., 45 S.W.2d 270, w. e. dismissed; City of San Antonio v. Sullivan, 23 Tex.Civ.App. 619, 57 S.W. 42, w. e. denied; Galveston, H. & S. A. Ry. Co. v. City of Eagle Pass, Tex.Com.App., 260 S. W. 841.

█ There is a complete absence of any such showing with reference to the claim that the former owner of this property, Robson, ever made any such dedication of it. There is no evidence that any map or plat affecting this land—prepared by Robson—was ever placed of record, nor any that he even had title to it at the time appellees alleged he dedicated it as a street; wherefore, since appellees had the burden of proof on those averments of theirs, the lack of supporting proof was fatal to their claim, under these authorities: Gladewater, etc. v. City of Gladewater, Tex.Civ.App., 87 S.W.2d 527; and Chenowth Bros. v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446, w. e. dismissed; 14 Tex.Jur., sec. 5, page 687.

As indicated, in view of the plain absence of any admissible evidence of probative effect, tending to show a dedication by, or even ownership of this property in Robson, it is deemed beyond the requirements to go into the indirect proceedings—such as sheriff's sales, etc., against him—through which appellees sought to substantiate their claims to the contrary.

█ Likewise, the compelling force of the evidence as a whole negatives the existence of the easement claimed to have arisen by prescription; in other words, as recited supra, by exhaustive photography and direct testimony, as appellant's quoted seventh point-of-error shows, the other appellees, the Town of Columbus, and the public generally, throughout all the years before and up to the time of this trial, used this property only in the casual and promiscuous manner they did any other vacant lots within the town; it being vacant, unimproved, not subjected to its control by the town, and over which people traveled at their pleasure. Under our authorities, such use did not establish a public easement by prescription over it; Ramthun v. Halfman, 58 Tex. 551; City of Galveston v. Williams, 69 Tex. 449, 6 S.W. 860; Ladies, etc. v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812; Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842; Nave v. City of Clarendon, Tex.Civ.App., 216 S.W. 1110; Bryson v. Abney, Tex.Civ.App., 171 S.W. 508, 509; Cunningham v. San Saba County, 1 Tex.Civ.App. 480, 20 S.W. 941; Brundrett v.Tarpley, Tex.Civ.App., 50 S.W.2d 401; Hay v. Cunningham, Tex.Civ.App., 77 S.W. 2d 1057, w. e. dismissed; City of Gilmer v. Moyer, Tex.Civ.App., 181 S.W.2d 1008; Hestand v. Johnson County, Tex.Civ.App., 206 S.W.2d 665; and Johnson v. Kreig, Tex.Civ.App., 175 S.W.2d 102.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require a reversal of the trial court's judgment, and a remanding of the cause. It will be so ordered.

Reversed and remanded.