ROBBINS et al. v. HOUCK et al.

No. 12449.

Court of Civil Appeals of Texas. Galveston.

July 24, 1952.

Rehearing Denied Oct. 9, 1952.

430

H. F. Thurow, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, Chas. W. Bell, L. Keith Simmer, Stewart, Burgess & Morris, James T. Termini, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants and other owners of Lots in Block 23, Braes Heights Addition to the City of Houston, to enjoin appellees, including Braes Heights Land Company from constructing improvements on, or using, its property lying north of Block 23 in said addition, for any purpose other than school purposes. The action was based upon oral statements made by agents, and upon the alleged fact that maps had been distributed and published in a newspaper, showing that property across the street from appellants' property was school property.

The trial court granted a motion for summary judgment on the grounds alleged by appellees that no dedication or restriction had been fixed on this land by the owner of the property, and that appellants' cause of action was insufficient in law, under the Statute of Frauds, in that it depended upon an orally-created interest in the property in question, upon parol testimony, which was inadmissible to vary the terms of the recorded plat.

Appellants rely upon three points of assigned error. They contend that the court erred in holding that oral statements or display of maps could not be the basis of estoppel in pais; that the court erred in holding that certain oral misrepresentations of facts were inadmissible in evidence, and that the court had disregarded the pleadings, depositions and admitted facts in its holding that there was no question of fact which, if resolved in appellants' favor, would bind the Braes Heights Land Company to the representations.

It is undisputed in the record that the appellants had purchased lots in said Block 23 of Braes Heights Addition from Houston Construction Company, Inc., according to a recorded plat which shows certain dedications to the public and deeds to appellants' property contained the following

language: " * * * do hereby make subdivision of said property for and on behalf of said Braes Development Company, according to the lines, lots, building lines, streets, alleys, parks, and easements thereon shown * * * and on behalf of said Bracs Development Company dedicate to the public use, as such, all of the streets, alleys, parks, and easements as shown thereon forever."

It was expressly stated in this recorded plat that the land lying immediately north of Block 23 of Braes Heights Addition, upon which appellants seek to impress a "dedication" to school purposes, is not included in the dedication by the statement on the plat which states that, "This area not included in this dedication."

Appellants alleged that a "dedication of this land nevertheless existed, by reason of certain statements made by the sales agents of Houston Construction Company, to the effect that the land in question would be used in connection with a school, and because of the testimony of one of the appellants that before he purchased his property in said Block 23, he had seen a map contained in a newspaper advertisement that a proposed elementary school site was one full block north of this land. The map or plat contained in the advertisement does not show a dedication of the land in question for an elementary school site immediately north of Block 23 of said Addition.

■ In the case of Shatto v. Schultz, 232 S.W.2d 266, which was reversed on other grounds in Tex.Sup., 237 S.W.2d 609, it was held by this Court that to constitute a dedication of a street, or of a private way, it must be shown that the owner made and exhibited a map or plat of the ground designated as a street, or alley, and that lots were sold with clear reference to it. Citing the following cases: City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; City of Pearsall v. Crawford, Tex.Civ.App., 213 S.W. 327; City of Houston v. Cyrus W. Scott Mfg. Co., Tex.Civ.App., 45 S.W.2d 270; City of San Antonio v. Sullivan, 23 Tex.Civ.App. 619, 57 S.W. 42; Galveston

H. & S. A. Ry. Co. v. City of Eagle Pass, Tex.Com.App., 260 S.W. 841.

■■ In the case of Warren v. Mayhew, Tex.Civ.App., 221 S.W.2d 394, judgment was rendered upon an instructed verdict. In affirming such judgment the court held that when a promise or agreement is not within the covenants of the written contract and there is no pleading raising the issue that such was intended, or was omitted therefrom through ambiguity or through fraud, accident or mistake, the promise, or agreement, is not admissible either under the parol evidence rule or the statute of frauds. Continuing, the court held that in order to let in evidence of a collateral agreement between the parties, such agreement must be consistent with the terms of the writing; if the evidence tends to vary or contradict the terms of the written instrument, or to defeat its operation, it cannot be received. Citing 32 C.J.S., Evidence, § 998, p. 971.

■ It is the settled law of Texas that a dedication of land to the public must be made by the owner of such land. Gladewater Lumber & Supply Co. v. City of Gladewater, Tex.Civ.App., 87 S.W.2d 527; Chenowth Brothers v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446; Shatto v. Schultz, supra.

Under the above authorities, appellants are, we think, bound by the recorded plat with reference to which they purchased; and, since oral testimony to contradict or vary such plat was not admissible, no dedication of the property in question by its owners, was made. And, appellants acquired no right to enjoin a lawful use of the property of Braes Heights Land Company.

■ In the case of Gladewater Lumber & Supply Co. v. City of Gladewater, Tex. Civ.App., 87 S.W.2d 527, 529, the court, in its opinion said: "It seems to be a well-established rule of law that where a party's rights depend upon a dedication of property, it is necessary to prove, not only a dedication, but the proof must go further and show that the dedicators had title to the property at the time it was dedicated;

and this, it seems, was not done in this case. * * *" And, quoting with approval from the case of Porter v. Stone, 51 Iowa, 373, 1 N.W. 601, 602, the court said: "'The party who lays out a town-site, the effect of which under the chapter above referred is to donate to the public the streets, alleys and public grounds, must of necessity have some title to the property to be affected by his act. A grant to the public is not established by simply showing that a town-site had been laid out. The party claiming benefits from the grant must go further, and show the title of the party laying out the town and thus undertaking to make the grant.' * * * (citing) City of Lawrenceburgh v. Wesler, 10 Ind.App. 153, 37 N.E. 956; Town of Edenville v. Chicago, M. & St. P. Ry. Co., 77 Iowa 69, 41 N.W. 568."

In the case of Chenowth Brothers v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446, it was held that even a part-owner may not dedicate land to the public.

In the instant case, all dealings, negotiations and conveyances were between Houston Construction Company, Inc. and appellants; and, since Houston Construction Company was not the owner of the land upon which a dedication is sought to be impressed by estoppel, neither Mr. Houck, its president, nor its agents or employees were authorized to dedicate or restrict the use of the lands of the Braes Heights Land Company.

It is the settled law in this State that the Acts of an officer and director of two corporations does not make the acts of one corporation those of the other, or charge one corporation with the liabilities of another, even if the entire management of both corporations is the same. Harper v. Lott Town & Improvement Co., Tex. Com.App., 228 S.W. 188; Texas Pacific Coal & Oil Co. v. Smith, Tex.Civ.App., 130 S.W.2d 425.

In the case of Harper v. Lott Town & Improvement Co., supra, the allegation was made that a land company was liable for the failure of a canal company to deliver water for irrigation purposes, since the companies had a common management. The Commission of Appeals held, in its opinion, that the land company was not liable for the acts of the canal company.

In this appeal appellants' cause of action is predicated upon a dedication of land by reason of estoppel in pais because of the representations made by sales agents of Houston Construction Company. Under the above authorities, such estoppel could arise only by reason of conduct of Braes Heights Land Company, the owner of the property. The acts of third persons who were not parties to this suit is unavailing to appellants in establishing the estoppel sought by them. Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97.

The record shows that appellants purchased their property with specific reference to a recorded plat which denied the dedication of the said land; the appellants having purchased the land with reference to such recorded plat, they were precluded under this parol evidence rule from contradicting the facts disclosed by the plat. Further, the evidence fails to show that appellants had any dealings with the owner of the land in question.

Under these facts, the trial court could only hold that there was no genuine issue as to any material fact presented, and render summary judgment for appellees.

We have carefully considered all points of error presented by appellants in their briefs and, finding no reversible error in the record, judgment of the trial court will be affirmed.